49 So.2d 525 (1950)
GASSON
v.
GAY, Comptroller.
Supreme Court of Florida, Special Division B.
December 22, 1950.
Louis M. Jepeway and John G. Dauber, Miami, for appellant.
Richard W. Ervin, Atty. Gen., and Fred M. Burns and John A. Madigan, Jr., Asst. Attys. Gen., for appellee.
CHAPMAN, Justice.
It appears by the record in this cause that the plaintiff-appellant, James Gasson, for several years prior to November 10, 1950, owned and operated a newstand situated in the City of Miami, Dade County, Florida, where newspapers, publications, periodicals and magazines were daily sold by the appellant to the purchasing public. Section 5 of Chapter 26319, Laws of Florida, enacted at the Extraordinary Session of 1949, F.S.A. § 212.05, levied a sales tax of three per cent upon enumerated articles, inclusive of magazines and other periodicals hereinafter considered. Subsections (a), (b), (c), (d) and (f) thereof prescribe the method of computation and the duty to pay and the mechanics for collecting the tax. Section 8 of the Act, supra, F.S.A. § 212.08, enumerates articles exempted from the terms and provisions of the Act, and among the listed exemptions are "newspapers."
The State Comptroller is granted the power to administer the several provisions of the Act. Section 17, F.S.A. § 212.17, confers rule making power or authority on the State Comptroller and pursuant thereto Rule No. 8 was by him promulgated. It is viz.:
"Rule 8
"Newspaper and Magazines
"Receipts from the sale of newspapers are not subject to the tax.
"In order to constitute a newspaper, the publication must contain at least the following elements:
*526 "(a) It must be published at stated short intervals (Usually daily or weekly)
"(b) It must not when its successive issues are put together constitute a book.
"(c) It must be intended for circulation among the general public.
"(d) It must contain matters of general interest and reports of current events.
"Notwithstanding the fact that the publication may be devoted primarily to matters of specialized interest, such as legal, mercantile, political, religious or sporting matters, if in addition to the special interest it serves, the alleged newspaper contains general news of the day, information of current events, and news of importance and of current interest to the general public, it is entitled to be classed as a newspaper.
"Press clipping services are exempt from tax.
"Sales of mailing lists are taxable.
"Sales of magazines or periodicals are taxable."
The plaintiff-appellant filed in the Circuit Court of Leon County, Florida, a bill of complaint under Chapter 87, F.S.A., against the State Comptroller praying for a declaratory decree and that such magazines as sold by his newsstand, like Life, Times, Newsweek, United States News, Saturday Evening Post, and similar periodicals, be decreed exempt from the provisions of Chapter 26319 and Rule 8 as promulgated by the Comptroller. An answer was filed to the bill of complaint in which many pertinent allegations thereof were admitted or confessed as being true. Likewise, a motion to dismiss was directed to the bill of complaint and, upon final hearing on this state of the pleading, the bill of complaint was dismissed and the plaintiff-appellant appealed.
The several questions posed for adjudication on this appeal were each reviewed, considered and placed at rest by the opinion of Chancellor Walker below, which we hereby adopt as the opinion of this Court. It is as follows:
"This cause came on for hearing before me upon the motion of the defendant, contained in his answer, to dismiss the cause, and the motion of the plaintiff for a decree upon bill and answer, the cause having been fully argued, by counsel for the respective parties, being fully advised in the premises, finds and declares as follows:
"1. The provision in section 8, chapter 26319, laws of Florida, acts of 1949, exempting `newspapers' from the operation of said chapter, had reference to the natural, plain and ordinary significance of the word newspaper  the understanding of the word newspaper in general and common usage  and did not refer to or comprehend magazines or periodicals. (See Webster's Dictionary, Black's Law Dictionary, Bouvier's Law Dictionary, and Burrill's Dictionary, defining the word `newspaper'; State [State ex rel. Bowler] v. Board of Commissioners [106] Mont. [251], 76 P.2d 648; Times Printing Company v. Star Publishing Company, 51 Wash. 667, 99 P. 1040, 15 [16] Ann.Cas. 414; Re: Sterling Cleaners and Dryers [Dyers], [7 Cir.] 81 F.2d 596; 39 Am. Jur. 3, section 2.) Words of common usage, when used in a statute, should be construed in their plain and ordinary signification and not in a technical sense (State [State ex rel. Hanbury] v. Tunnicliffe, 98 Fla. 731, 124 So. 279).
"2. Rule eight promulgated by the state comptroller should not be construed as extending the exemption made by the statute and when so construed is not inconsistent with the above expressed views. The said rule does not purport to contain all elements necessary to constitute a newspaper nor to embrace a complete, full and comprehensive definition of a newspaper. It simply provides specified minimum requirements and states, in effect, that in order for a publication to constitute a newspaper the publication must embrace `at least' the stated elements.
"3. It seems clear to the court that the legislature intentionally granted the exemption to newspapers, but withheld the same from magazines and periodicals.
"4. The classification made by the legislature, so as to tax magazines and periodicals and exempt newspapers, is reasonable *527 and valid and does not offend either the state or federal constitutions as alleged in the bill of complaint. (Grey [Gray] v. Central Florida Lumber Company, 104 Fla. 446, 140 So. 320 [141 So. 604]; 47 Am.Jur. 204, section 6, and authorities cited.)
"It Is, Thereupon, Ordered, Adjudged And Decreed, that the Bill of Complaint herein be and the same is hereby dismissed; the costs of the cause to be taxed against the plaintiff."
The decree of the lower court is affirmed.
ADAMS, C.J., HOBSON, J., and OGILVIE, Associate Justice, concur.