QUESTION: Can funds received by the City of Tamarac pursuant to s. 336.59, F.S., (taxes for road and bridge purposes) be used to repair and maintain traffic control lights and street lights on municipal roads and streets?
SUMMARY: Funds received by the City of Tamarac pursuant to s. 336.59(2), F.S., may be used to maintain and repair existing traffic control lights, street lights, and appurtenant structures which are annexed to and an integral part of municipally maintained roads and streets within the purview of and pursuant to s. 336.59. Such funds may not be used by the city to purchase, construct, or originally install street lights or traffic control devices and may not be used to renew, replace, restore, or refit such devices to such extent as to amount to their reconstruction or total replacement, to construction of new lights or devices because such purchase, construction, installation, reconstruction, or complete replacement is not included within the meaning of the term "repairing and maintaining" as used in s. 336.59(2). The question as stated above is answered in the affirmative. Section 336.59, F.S., provides in pertinent part as follows: (1) The commissioners shall levy a tax not to exceed ten mills on a dollar on all property in their county each year for road and bridge purposes. . . . (2) One-half the amount realized from such special tax on the property in incorporated cities and towns, shall be turned over to such cities and towns, to be used in repairing and maintaining the roads and streets thereof, as may be provided by the ordinances of such cities and towns. (Emphasis supplied.) One of my predecessors concluded in AGO 065-92 that electric lighting or street lights installed on the right-of-way of a road or highway or city street are part of such highway or street because of their annexation to the right-of-way and their contemplated use as an integral part of the road. I concur in that conclusion and therefore am of the opinion that their maintenance or repair is within the meaning of "repairing and maintaining the roads and streets" as used in s. 336.59(2), supra, so that funds provided by said act can be utilized to maintain and repair such existing street lights and appurtenant structures. Accord: State v. Vogel,161 N.E.2d 449, 108 Ohio App. 294 (1958), affirmed, 159 N.E.2d 892
(1959). I likewise note that existing traffic lights and appurtenant structures are affixed to and an integral part of the road or street right-of-way and used thereon to assist and direct traffic movement. I therefore conclude that they too are part of the road or street and may also be maintained and repaired by funds provided pursuant to s. 336.59(2), supra.
However, such tax moneys may not be expended for the initial installation, purchase, or construction of such street lights or traffic control devices or appurtenant structures. "Repair" is defined as "to put back in good condition after damage, decay; to renew; restore; revive." "Maintain" is defined as "to keep or keep up; continue in or with; to keep in a certain condition or position, esp. of efficiency, good repair, etc.; preserve." Webster's New World Dictionary of the American Language (1970) at pp. 1204 and 854. Generally speaking, the word maintain does not mean to construct, install, or provide for. Barber Asphalt-Pav. Co. v. Hezel, 56 S.W. 449, 155 Mo. 391 (1900); State v. Olympia Light Power Co., 158 P. 85, 91 Wn. 519 (1916); Beal v. Erie R. Co., 1 N.E.2d 328, 51 Ohio App. 397 (1935). [See] 26 Words and Phrases Maintain pp. 79-83. Likewise, the word "repair" does not generally mean to construct or build a new or additional structure. [See] 36A Words and Phrases Repair at 750 and 759. Repair, furthermore, does not generally mean to completely rebuild or reconstruct existing structures or rebuild or reconstruct structures that have been destroyed, although it does contemplate the rebuilding or reconstruction of component parts of decayed or depreciated structures in the sense of renewing, restoring, or refitting if such does not amount to a total or practically complete rebuilding or reconstruction or change in identity of same. Id. at 761-766. See also AGO 072-77. Of course lost, decayed, or destroyed parts or portions of machinery or structures may be replaced. Id. at 763, 770-771. The term "repairing and maintaining" as used in s. 336.59(2), supra, discloses, in my opinion, its use in the context of the general definition provided above, i.e., to keep, preserve, repair, refit, restore, or renew something already in existence as opposed to constructing, installing, or providing for something not in existence or renewing or restoring something so completely as to amount to its reconstruction. Words of common usage, when used in a statute, should be construed in their plain and ordinary signification and not in a technical sense unless clearly used in a technical manner. Gasson v. Gay, 49 So.2d 525 (Fla. 1950); Pederson v. Green, 105 So.2d 1 (Fla. 1958); and State v. Tunnicliffe,124 So. 279 (Fla. 1929). This conclusion comports with constructions previously placed upon s. 336.59(2), supra. In AGO 072-77, I concluded that repairing and maintaining as used in the statute meant only the repair and maintenance of existing roads and streets and did not contemplate repairs so extensive that they would amount to the construction of a new road. In Nelson v. City of Fort Lauderdale, 54 So.2d 207 (Fla. 1951), the court held that a city had no authority to pledge its share of the taxes funded by s. 336.59(2), supra, to aid in the construction by the county of a bridge and tunnel program. The court stated: Casual inspection discloses that the purpose of this act was to provide a dependable sum annually for road and bridge purposes and for no other purpose, except that onehalf the amount collected in cities and towns "shall be turned over" to them "to be used in repairing and maintaining the roads and streets thereof" as may be provided by ordinance. The whole tenor of the act has to do with the repair and maintenance of roads, streets and bridges. Tunnels were not contemplated. Street, road and bridge repair is one of the most urgent necessities of every county and municipality in the state and is one of the most consistent drains on their tax program. Section 343.17 [now s. 336.59, F.S.] makes possible a definite sum annually for that purpose. The legislature in terms required that it be kept in a separate fund and so allocated it . . . . The court further noted that if these tax moneys earmarked for repair and maintenance of streets and roads are diverted to construction of bridges and tunnels, then the city will simply be compelled to impose other ad valorem taxes to repair and maintain its streets and roads. I therefore conclude that funds earmarked to municipalities pursuant to s. 336.59(2), F.S., for repairing and maintaining their roads and streets, may be used to maintain and repair existing street lights and traffic control lights and appurtenant structures which are annexed to and an integral part of such roads and streets, but may not be utilized to purchase or construct or originally install street lights or traffic control lights or to renew, restore, or refit such lighting devices or structures to such extent as to amount to a reconstruction of same.