QUESTION: Are two or more licensed physicians associated in a medical group, in which each independently practices medicine, "professionally unrelated" as the term is used within the context of s. 196.012(10), F. S., when the only division of income from the association is that each physician pays a proportionate share of the rent for his respective facilities and likewise shares the expense of a common or group-employed clerical staff whose sole responsibility is for appointments and billing, said staff not being otherwise connected, in a professional manner, with the physicians in the medical group?
SUMMARY: The term "professionally unrelated" as it is used in the context of s. 196.012(10), F. S., means that the two certifying licensed physicians may not be associates, partners, or members of the same firm, employees of the same professional association or corporation, hospital, clinic, or other health care unit or facility, practicing medicine together. The term "professionally unrelated" should not be construed to mean that when two or more physicians are associated in a medical group, in which each independently practices medicine, that they are professionally related within the context of s. 196.012(10), F. S., when the only division of income from the association is that each physician pays a proportionate share of the rent for his respective facilities and likewise shares the expense of a common or group-employed clerical staff whose sole responsibility is for appointments and billing, said staff not being otherwise connected in a professional manner with the physicians in the medical group. As outlined in your letter, your question is predicated on the following factual situation: It is reported that there is a medical group, which is composed of two or more licensed physicians. Each of these physicians has his own practice and practices medicine independently of the other. However, each pays rent for his respective facilities and likewise shares the expense of a common or group-employed clerical staff, who are not connected in a professional manner with the physicians and whose sole responsibility is for appointments and billing. There is no other division of income from the operation. Your question is answered in the affirmative as set forth herein. Section196.012(10), F. S., defines "total and permanently disabled persons" to mean "those persons who are currently certified by two licensed physicians of this state who are professionally unrelated or the Veterans' Administration to be totally and permanently disabled." (Emphasis supplied.) I have reviewed the provisions of Ch. 196, F. S., and Ch. 12B-I, Part III, F.A.C., and find no legislative definition or administrative interpretation of the term "professionally unrelated" as it is used in s. 196.012(10). While Ch. 196, F. S., does not define the term "professionally unrelated," Webster's New Twentieth Century Dictionary (1971, unabr. ed.) defines the words "professionally" and "unrelated" as: Professionally: "In a professional manner" (adverb); related: "Connected; associated" (adjective); un: "A prefix meaning `not.' "It is a generally recognized rule of statutory construction that words of common usage are to be construed in their plain and ordinary significance and not in their technical sense, unless the context indicates that they are used in some technical sense or in the sense of some trade or professional vernacular or vocabulary. Southern Bell Telephone and Telegraph Company v. D'Alemberte,21 So. 570 (Fla. 1897); State ex rel. Hanbury v. Tunnicliffe,124 So. 279 (Fla. 1929); Gasson v. Gay, 49 So.2d 525 (Fla. 1950). Bearing in mind these elementary rules of statutory construction, I have no hesitancy in stating that, from the context in which the term "professionally unrelated" is found in s. 196.012(10), F. S., the Legislature used the term in its popular or ordinary sense and not in some technical sense or in the sense of some trade or professional vernacular or vocabulary. In view of the above, and taking into consideration the meaning naturally attached to the term "professionally unrelated" from the context of the statute, it is my opinion that for the purpose of s. 196.012(10), F. S., the word "unrelated," used as an adjective, merely limits the phrase "two licensed physicians" to mean that the two certifying licensed physicians may not be connected or associated in a working or practicing relationship, while the word "professionally," being used in an adverb form, in effect simply modifies "unrelated." Thus, the term "professionally unrelated" should not be construed to mean that when two or more physicians are associated in a medical group, in which each independently practices medicine, that they are professionally related within the context of s. 196.012(10), F. S., when the only division of income from the association is that each physician pays a proportionate share of the rent for his respective facilities and likewise shares the expense of a common or groupemployed clerical staff whose sole responsibility is for appointments and billing, said staff not being otherwise connected in a professional manner with the physicians, in the medical group. However, I am of the opinion that if two licensed physicians enjoy a professional medical business relationship, i.e., if they are associates, partners, or members of the same firm, employees of the same professional association or corporation, hospital, clinic, or other health care unit or facility, they are professionally related within the context and meaning of s.196.012(10), F. S. The effect of such a relationship is that only one of the licensed physicians in the same association, partnership, professional association, or corporation, hospital, unit, or facility, may certify as to the individual's total and permanent disability which results in requiring the individual to seek the second certification from another licensed physician who is "professionally unrelated" to the first certifying physician.