Mr. James M. Adams City Attorney City of Lake Worth 7 North Dixie Highway Lake Worth, Florida 33460 Attention: Richard M. Rednor Assistant City Attorney
Dear Mr. Adams:
This is in response to your request for an Attorney General's Opinion on the following questions:
 1. WHETHER A MUNICIPAL CODE ENFORCEMENT BOARD IS AUTHORIZED AFTER AN INITIAL HEARING TO ISSUE AN ORDER DEMANDING COMPLIANCE WITH A CITY TECHNICAL CODE WITHIN A 30 DAY PERIOD, WHEREBY SAID ORDER SPECIFICALLY REQUIRES THAT IF THE VIOLATOR IS IN NONCOMPLIANCE, EITHER AT THE CONCLUSION OF THE 30 DAY PERIOD OR AT ANY TIME WITHIN ONE YEAR OR OTHER REASONABLE TIME PERIOD FROM THE DATE OF THE BOARD'S ORIGINAL ORDER, THEN THE BOARD SHALL MEET AGAIN TO CERTIFY A FINE FOR THE TIME PERIOD WHICH THE VIOLATOR WAS IN NONCOMPLIANCE WITH THE BOARD'S PRIOR ORDER?
 2. WHETHER A MUNICIPAL CODE ENFORCEMENT BOARD MAY ESTABLISH A PLAN INVOLVING A SCHEDULE OF FINES FOR PARTICULAR OFFENSES WHICH A VIOLATOR OF A MUNICIPAL CODE PROVISION MAY CONSENT TO PAY TO AVOID THE INITIAL HEARING BEFORE THE MUNICIPAL CODE ENFORCEMENT BOARD?
 3. WHETHER A MUNICIPAL CODE ENFORCEMENT BOARD IS AUTHORIZED TO POST OR PUBLISH NOTICES REQUIRED BY CH. 162, F.S., WHERE THE METHODS SPECIFIED IN THE ACT ARE IMPOSSIBLE OR IMPRACTICAL?
The "Local Government Code Enforcement Boards Act," ss.162.01-162.13, F.S., was amended by Ch. 85-150, Laws of Florida, to, inter alia, permit code enforcement boards to impose fines for repeated violations of local codes and ordinances which have no criminal penalty, to reduce the time within which code enforcement boards may foreclose liens and to provide that an appeal of an enforcement board's final administrative order shall not be a hearing de novo. See, title and s. 1, Ch. 85-150, Laws of Florida. The effective date of this amendment was July 1, 1985. See, s. 4, Ch. 85-150.
As expressed in s. 1, Ch. 85-150, the legislative intent of the Act is to
 promote, protect, and improve the health, safety, and welfare of the citizens of the counties and municipalities of this state by authorizing the creation of administrative boards to provide an equitable, expeditious, effective, and inexpensive method of enforcing the codes and ordinances, which have no criminal penalty, in force in counties and municipalities, where a pending or repeated violation continues to exist, including, but not limited to, occupational license, fire, building, zoning, and sign codes.
QUESTION ONE
The enactment of Ch. 162, F.S., as amended, established administrative enforcement procedures and a means of imposing administrative fines by local governing bodies for violations of local codes and ordinances which have no criminal penalty specified for violations thereof. Such a mechanism is necessitated by the provisions of s. 1, Art. V, and s. 18, Art. I, State Const., which state that commissions established by law or administrative officers or bodies may be granted quasi-judicial power in matters connected with the functions of their offices, and that no administrative agency shall impose a sentence of imprisonment, nor shall it impose any other penalty except as provided by law. See, AGO 79-109 (governing body of charter county prohibited in absence of statutory authorization from providing by ordinance for the imposition of civil penalties by agencies [County Consumer Protection Board] of the county); Broward County v. Plantation Imports, Inc., 419 So.2d 1145 (4 D.C.A.Fla., 1982) (holding that the provisions of a county ordinance authorizing assessment of penalties by a county agency was unconstitutional, and agreeing with the conclusion reached in AGO 79-109); see also, AGO 84-51 (ordinance of a noncharter county is not a "law" within the purview of s. 5[c], Art. II, State Const.); AGO 84-39 (municipal ordinance is not a "law" within the meaning of s. 8, Art. I, State Const.).
Previous opinions of this office have stated that a local government or its governing body derives no delegated authority from Ch. 162, F.S., to enforce its codes in any manner other than as provided in that chapter. In addition, municipalities derive no home rule power from s. 2(b), Art. VIII, State Const., or s.166.021, F.S., to regulate the code enforcement boards or to impose any duties or requirements on such boards or to otherwise regulate the statutorily prescribed enforcement procedure. See, AGO's 85-53, 85-27, 85-17, and 84-55.
Section 162.09, F.S., was amended by s. 2, Ch. 85-150, Laws of Florida, effective July 1, 1985. As amended, this section now reads as follows:
 The enforcement board, upon notification by the code inspector that a previous order of the enforcement board has not been complied with by the set time or, upon finding that the same violation has been repeated by the same violator, may order the violator to pay a fine not to exceed $250 for each day the violation continues past the date set for compliance. A certified copy of an order imposing a fine may be recorded in the public records and thereafter shall constitute a lien against the land on which the violation exists or, if the violator does not own the land, upon any other real or personal property owned by the violator; and it may be enforced in the same manner as a court judgment by the sheriffs of this state, including levy against the personal property, but shall not be deemed to be a court judgment except for enforcement purposes. After 6 months from the filing of any such lien which remains unpaid, the enforcement board may authorize the local governing body attorney to foreclose on the lien. No lien created pursuant to the provisions of this chapter may be foreclosed on real property which is a homestead under Article X, Section 4 of the State Constitution. (Underlined portions represent amendments.)
Thus, a violator may be ordered by the enforcement board to pay a fine not to exceed $250.00 for each day the violation continues past the date set for compliance upon notification by the code inspector that a previous order of the enforcement board has not been complied with by the set time or upon finding that the same violation has been repeated by the same violator. See also, s.162.07, F.S., which provides that at the conclusion of an enforcement board hearing, the board shall issue findings of fact, based on evidence of record and conclusions of law, and shall issue an order affording the proper relief consistent with the powers granted in Ch. 162, F.S.
My reading of Ch. 162, F.S., as amended by Ch. 85-150, Laws of Florida, does not reveal any authorization therein for a municipal code enforcement board, after an initial hearing, to issue an order which provides that if the violator is in noncompliance at any time within one year or other time period from the date of the board's original order, the board may meet again merely to certify a fine for the time period during which the violator was in noncompliance with the board's prior order. Instead s. 162.09, as amended, which authorizes entry of a fine upon notification that a previous order of the enforcement board has not been complied with by a set time or upon a finding that the same violation has been repeated by the same violator, appears to contemplate a separate finding be made by the code enforcement board that the same violation has been repeated by the same violator prior to the imposition of a fine for each day the repeated violation continued past the date set for compliance. No other procedure is contemplated or authorized by Ch. 162, F.S., as amended, for pending or repeated violations.
Although there is no definition of the word "repeated" as it is used in ss. 162.02 and 162.09, F.S., as amended by Ch. 85-150, Laws of Florida, words of common usage, when used in a statute, should be construed in their plain and ordinary sense. Pedersen v. Green, 105 So.2d 1, 4 (Fla. 1958). See also, State v. Tunnicliffe,124 So. 279, 281 (Fla. 1929); Gasson v. Gay, 49 So.2d 525, 526
(Fla. 1950); State v. Egan, 287 So.2d 1, 4 (Fla. 1973). The word "repeated" has been defined to mean: renewed or recurring again and again, Webster's New Collegiate Dictionary 980 (1975); done, made or said again and again, The Random House Dictionary of the English Language 1216 (Unabridged ed. 1967).
Therefore, it is my opinion that a municipal code enforcement board is not authorized to issue an order demanding compliance with a city technical code provision within a 30 day period and specifically requiring that if the violator is in noncompliance at any time within one year or other reasonable time period from the date of the board's original order, then the board shall meet again only to certify a fine for the time period which the violator was in noncompliance with the Board's prior order; instead the code enforcement board must make a finding that the same violation has been repeated by the same violator before a fine for each day the repeated violation occurred past the date set for compliance may be imposed by the board.
QUESTION TWO
Section 162.09, F.S., as amended, sets forth the exclusive procedure to be followed by the code enforcement board operating pursuant to the act and contains no provision for the establishment of a schedule of fines for particular offenses whereby a violator of a municipal code provision may consent to avoid the initial hearing by the code enforcement board in which the board is required to determine whether a violation has occurred and if such a violation has occurred to set a date for compliance. Accordingly, your second question is answered in the negative based on the discussion above, i.e., where local governmental entities have elected to proceed under this chapter, the procedures set forth in Ch. 162, F.S., as amended, are the exclusive method for enforcing county and municipal codes and ordinances, which have no criminal penalty. Local governmental entities derive no delegated authority from Ch. 162, F.S., to enforce codes and ordinances in any manner other than as described therein nor do such governmental entities possess home rule powers to regulate the code enforcement boards or to impose any duties or requirements on such boards or to otherwise regulate the statutorily prescribed enforcement procedure described in this chapter.
QUESTION THREE
Section 162.12, F.S., states that:
 All notices required by this act shall be by certified mail, return receipt requested, or, when mail would not be effective, by hand delivery by the code inspector.
It is a well-recognized principle of statutory construction that the mention of one thing implies the exclusion of another — expressio unius est exclusio alterius. Thus, a legislative direction as to how a thing shall be done is, in effect, a prohibition against its being done in any other way. See, Alsop v. Pierce, 19 So.2d 799, 805-806 (Fla. 1944); Dobbs v. Sea Isle Hotel, 56 So.2d 341, 342 (Fla. 1952); Thayer v. State,335 So.2d 815, 817 (Fla. 1976).
Therefore, the statutory requirement that all notices required by Ch. 162, F.S., as amended, shall be by certified mail or by hand delivery by the code inspector, is exclusive and local governmental bodies or code enforcement boards possess no authority to effect delivery of notice in any other fashion.
In sum, it is my opinion, until legislatively or judicially determined otherwise, that a code enforcement board must find that the same violation has been repeated by the same violator before it may impose a fine for each day the repeated violation continued past the date set for compliance. Further, it is my opinion that a municipal code enforcement board is not authorized to establish a plan involving a schedule of fines for particular offenses whereby a violator of a municipal code provision may consent to pay a designated fine in order to avoid the initial hearing before the code enforcement board, nor may a municipal code enforcement board authorize an alternative method of delivering notice than that prescribed in Ch. 162, F.S., as amended.
Sincerely,
Jim Smith Attorney General
Prepared by:
Gerry Hammond Assistant Attorney General