Preston T. Everett, Jr. City Attorney City of Stuart
QUESTION:
What is the extent of the phrase "maliciously or intentionally injured" as used in s. 440.15(11), F.S.?
SUMMARY:
A malicious or intentional injury pursuant to s. 440.15(11), F.S., is one which is done deliberately or by design with the desire to harm.
Chapter 440, F.S., is the Workers' Compensation Law.[1]
The provision with which you are concerned is contained in s.440.15(11), F.S., and states, in part, that:
 Any law enforcement officer . . . who, while acting within the course of employment as provided by s. 440.091,[2]
is maliciously or intentionally injured and who thereby sustains a job-connected disability compensable under this chapter shall be carried in full-pay status rather than being required to use sick, annual, or other leave. (e.s.)
No definition of the phrase "maliciously or intentionally injured" is contained in Ch. 440, F.S., or in the administrative rules relating to Workers' Compensation.[3] In addition, my review of the legislative history surrounding the amendment and reenactment of the Workers' Compensation Law during the 1991 Legislative Session[4] does not provide any direction in resolving the meaning of this phrase.
An "[i]njury" for purposes of the Workers' Compensation Law is defined, in part, as a "personal injury or death by accident arising out of and in the course of employment, and such diseases or infection as naturally or unavoidably result from such injury."[5]
Since the terms "malicious" and "intentional" are not defined in Ch. 440, F.S., they should be construed as they are commonly understood.[6] When something is done "maliciously" it is done with "malice," i.e., with "intention or desire to harm another usually seriously through doing something unlawful or otherwise unjustified: willfulness in the commission of a wrong: evil intention[,]"[7] and "[t]he desire to harm others, or to see others suffer; ill will; spite[.]"[8] An "intentional" injury is one which is done by "intention or design"[9]
or "[d]one deliberately; intended[.]"[10]
A determination of whether certain facts contribute to a finding that an injury was "maliciously or intentionally" inflicted is not within the scope of authority of this office. However, I would note that neither the terms of s. 440.15(11), F.S., nor the definitions of the terms "malicious" or "intentional" appear to require a particular type of physical contact or threats to be directed at a law enforcement officer in order to bring such acts within the scope of the statute. It would appear that such a determination must be made on a case-by-case basis considering the particular facts involved.
Thus, the phrase "maliciously or intentionally injured" as used in s. 440.15(11), F.S., refers to an injury which is inflicted with the desire to harm a law enforcement officer or one which is done deliberately.[11]
[1] Section 440.01, F.S.
[2] Section 440.091, F.S., provides that if an employee:
(1) Is elected, appointed, or employed full time by a municipality, the state, or any political subdivision and is vested with authority to bear arms and make arrests and his primary responsibility is the prevention or detection of crime or the enforcement of the penal, criminal, traffic, or highway laws of the state; (2) Was discharging that primary responsibility within the state in a place and under circumstances reasonably consistent with that primary responsibility; and (3) Was not engaged in services for which he was paid by a private employer, and he and his public employer had no agreement providing for workers' compensation coverage for that private employment; then the employee is deemed to have been acting within the course of his or her employment. Included within the term "employee" as used in s. 440.091, F.S., are "all certified supervisory and command personnel whose duties include, in whole or in part, responsibilities for the supervision, training, guidance, and management of full-time law enforcement officers, part-time law enforcement officers, or auxiliary law enforcement officers but does not include support personnel employed by the employing agency."
[3] See, Rules Chapters 38F-3, 38F-8, and 38F-24, F.A.C.; and Rules 3A-31.217, And 8I-3.019, F.A.C.
[4] The Workers' compensation Law was amended and reenacted in Ch. 91-1, Laws of Florida.
[5] Section 440.02(17), F.S.
[6] See, Pedersen v. Green, 105 So.2d 1, 4 (Fla. 1958); and see, State v. Egan, 287 So.2d 1, 4 (Fla. 1973 and Gasson v. Gay, 49 So.2d 525, 526 (Fla. 1950), for the proposition that words in common use in a statute are to be construed in their plain and ordinary signification, unless used in technical sense.
[7] Webster's Third New International Dictionary 1367 (unabridged e. 1981).
[8] The American Heritage Dictionary of the English Language 790 (new college edition 1979).
[9] Webster's Third New International Dictionary 1176 (unabridged ed. 1981).
[10] The American Heritage Dictionary of the English Language 683 (new college edition 1979).
[11] Compare, e.g., s. 806.01, F.S., which makes the willful and malicious damage of a structure by fire or explosive a first degree felony; s. 806.13, F.S., relating to criminal mischief and providing that "[a] person commits the offense or criminal mischief if he willfully and maliciously injures or damages by any means any real or personal property belonging to another"; s. 768.28(9)(a), F.S., providing to sovereign immunity to the state and its agencies and subdivisions and stating that no such immunity is provided to officers and employees of the state "unless such officer . . . acted in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, m or property."