Mr. David Monaco General Counsel Volusia City-County Water Supply Cooperative Post Office Box 15200 Daytona Beach, Florida 32115
Dear Mr. Monaco:
You have asked for my opinion on substantially the following questions:
1. Is the Volusia City-County Water Supply Cooperative entitled to the limitations of liability set forth in s. 768.28, F.S. (1992 Supp.) to the same extent as a Florida municipality or county? 2. Does the participation of a private corporation as an affiliate member of the Volusia City-County Water Supply Cooperative effect the sovereign immunity of the cooperative?
In sum:
1. The Volusia City-County Water Supply Cooperative is not a "state agency or subdivision" within the scope of s. 768.28, F.S. (1992 Supp.), and, therefore, is not independently entitled to the limitations on liability set forth in that statute. 2. The participation of a private corporation as a member of the Volusia City-County Water Supply Cooperative would remove the cooperative from the scope of s. 163.01(9) , F.S., which provides that separate legal entities created by and made up of local governments pursuant to interlocal agreements have immunity from liability to the same extent as that enjoyed by governmental entities under s. 768.28, F.S. (1992 Supp.).
Your questions are interrelated and will be answered together. According to the information you have submitted, the Volusia City-County Water Supply Cooperative is an organization which consists of the water producing and supplying municipalities[1]
within Volusia County and the county itself. The county and municipalities have entered into an interlocal agreement in accordance with Part I, Ch. 163, F.S. The primary purpose of the cooperative is to develop regional water supplies and supply water at wholesale to the members.[2]
Volusia County and each of the municipalities named in the agreement are members of the cooperative. In addition, the interlocal agreement provides that the cooperative may accept a private enterprise as an affiliate member if the enterprise is located within Volusia County and is a supplier of raw water.[3]
Affiliate members of the cooperative are authorized to "attend meetings of the Cooperative, serve as nonvoting members of committees and subcommittees of the Cooperative, and otherwise assist the Cooperative in pursuing those goals and objectives for which the Cooperative was established, and which the governing bodies of the Affiliate Members endorse."[4] As you note in your letter, the municipalities and the county who are members of the cooperative are individually entitled to sovereign immunity by virtue of their status as subdivisions of the state.[5] However, it is unclear to you whether the cooperative itself is entitled to the limitations on liability established by s. 768.28, F.S. (1992 Supp.). In addition, you are unsure whether, pursuant to s.163.01(9) , F.S., the participation of a private corporation as an affiliate member of the cooperative would effect the sovereign immunity which may protect the cooperative.
Section 768.28, F.S. (1992 Supp.),[6] serves to waive the sovereign immunity of the state and its agencies and subdivisions to the extent specified in that section. Monetary limitations are specified in the statute allowing payment of a judgment against the state or its agencies or subdivisions by any one person not to exceed 100,000 or any claim or judgment which, when totaled with all other claims paid by the state arising out of the same incident or occurrence, does not exceed 200,000.[7]
State agencies or subdivisions within the scope of s. 768.28, F.S. (1992 Supp.), are defined to include "counties and municipalities; and corporations primarily acting as instrumentalities or agencies of the state, counties, or municipalities[.]" Section768.28(9)(a), F.S. (1992 Supp.), provides that no officer, employee, or agent of the state or its subdivisions shall be held personally liable in tort or named as a party defendant in any action for any injuries or damages suffered as a result of any act, event, or omission of action in the scope of his or her employment or function (unless such person acted in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety or property). The exclusive remedy for injury or damages suffered as a result of any act, event, or omission of an officer, employee, or agent of the state or any of its subdivision shall be by action against the governmental entity or the head of such entity.
A determination of whether the Volusia City-County Water Supply Cooperative is protected by the provisions of s. 768.28, F.S. (1992 Supp.), in liability actions against it as a separate, independent legal entity or as an agency of the several local governmental units entering into the interlocal agreement requires an examination of the terms and provisions of the agreement and s.163.01, F.S., and an application of the definition of "state agencies or subdivisions" in s. 768.28, F.S. (1992 Supp.).
While the terms of the interlocal agreement describe a corporate entity with the authority to incorporate, enter into contracts, accept real and personal property on its own behalf, and to accept funds from governmental agencies,[8] I cannot say that the cooperative acts primarily as an instrumentality or agency of Volusia County or the municipalities therein. While the prime function of the cooperative is to supply water,[9] the agreement recognizes that individual members may continue to operate their existing water production and transmission facilities to meet their respective needs for water. Further, while the members agree that the cooperative is to be the sole supplier of the member's future raw water needs, a resolution to that effect must be adopted by the governing bodies of all the members before this will occur. Thus, in my opinion, the cooperative is not a corporation primarily acting as an instrumentality or agency of Volusia County or the municipalities located therein who are parties to the interlocal agreement.
Thus, the Volusia City-County Water Supply Cooperative does not come within the definition of "state agencies or subdivisions" contained in s. 768.28, F.S. (1992 Supp.), and does not independently possess the sovereign immunity provided by the statute.
The purpose of the Florida Interlocal Cooperation Act of 1969, s.163.01, F.S., is "to permit local governmental units to make the most efficient use of their powers by enabling them to cooperate with other localities on a basis of mutual advantage[.]"[10] The act allows units of local government to enter into an agreement to provide services and facilities in a manner "that will accord best with geographic, economic, population, and other factors influencing the needs and development of local communities."[11]
The act authorizes public agencies[12] to enter into interlocal agreements in order to exercise jointly "any power, privilege, or authority which such agencies share in common and which each might exercise separately."[13] This joint exercise of power is to be made pursuant to a contract in the form of an interlocal agreement.[14]
The Interlocal Cooperation Act states that any such agreement may establish "[t]he manner of responding for any liabilities that might be incurred through performance of the interlocal agreement and insuring against any such liability."[15] However, my review of the provisions of the interlocal agreement creating the Volusia City-County Water Supply Cooperative does not indicate that any provision of the agreement addresses liability issues.
In the absence of any such provision in the interlocal agreement to resolve liability issues, the public agencies which have joined in the interlocal agreement forming the Volusia City-County Water Supply Cooperative remain jointly liable pursuant to the provisions of s. 768.28, F.S. (1992 Supp.), for the torts of the officers and employees of the cooperative created by contract to administer or execute the interlocal agreement.[16] It may be advisable for the cooperative to directly address the liability issue in an amendment to the interlocal agreement. However, s.163.01(9) , F.S., specifically provides that:
All of the privileges and immunities from liability and exemptions from laws, ordinances, and rules which apply to the municipalities and counties of this state apply to the same degree and extent to any separate legal entity, created pursuant to the provisions of this section, wholly owned by the municipalities or counties of this state, the membership of which consists or is to consist only of municipalities or counties of this state, unless the interlocal agreement creating such entity provides to the contrary. All of the privileges and immunities from liability; exemptions from laws, ordinances, and rules; and pension and relief, disability, and worker's compensation, and other benefits which apply to the activity of officers, agents, employees, or employees of agents of counties and municipalities of this state which are parties to an interlocal agreement creating a separate legal entity pursuant to the provisions of this section shall apply to the same degree and extent to the officers, agents, or employees of such entity unless the interlocal agreement creating such entity provides to the contrary.
This statute recognizes that the limitations of liability which would apply to the individual governmental members of the cooperative would also apply to the cooperative itself as a separate legal entity to the extent that the membership of the organization is limited to cities and counties.
The term "membership" is not defined for purposes of s. 163.01(9), F.S., and should be understood in its common and ordinary sense.[17] "Membership" is understood commonly as "the state or status of being a member[.]"[18] No qualifications regarding the type of membership, i.e., voting or nonvoting, are set forth in s.163.01(9) , F.S.; only the necessity that, to take advantage of the protections offered by this section, the membership of the group must be limited exclusively to counties or municipalities. This office is without authority to qualify or read into this statute an interpretation or define words in the statute in such a manner which would result in a construction that seems more equitable under these circumstances.[19]
Therefore, it is my opinion that the participation of a private organization as a member of the Volusia City-County Water Supply Cooperative would remove the cooperative from the protections afforded by s. 163.01(9) , F.S.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tgk
[1] The municipal members of the cooperative are: Daytona Beach, Holly Hill, Ormond Beach, Port Orange, New Smyrna Beach, and Edgewater. See, p. 1, Amended and Restated Interlocal Agreement Creating the Volusia City-County Water Supply Cooperative (hereafter, the "interlocal agreement").
[2] See, s. 1, p. 3, id.
[3] See, s. 11, p. 13, id.
[4] See, s. 11 c., p. 13, id.
[5] See, s. 768.28(2), F.S. (1992 Supp.), defining "state agencies or subdivisions" for purposes of s. 768.28, F.S. (1992 Supp.), to include "counties and municipalities[.]"
[6] In accordance with the provisions of s. 13, Art. X, State Const. 
[7] Section 768.28(5), F.S. (1992 Supp.).
[8] See, s. 2, p. 3, interlocal agreement.
[9] See, p. 1, id.
[10] Section 163.01(2), F.S.
[11] Id.
[12] "Public agency" is defined in s. 163.01(3)(b), F.S., to mean "a political subdivision, agency, or officer of this state or of any state of the United States, including, but not limited to, state government, county, city, school district, single and multipurpose special district, single and multipurpose public authority, metropolitan or consolidated government, an independently elected county officer, any agency of the United States Government, and any similar entity of any other state of the United States."
[13] Section 163.01(4), F.S.
[14] Section 163.01(5), F.S.
[15] Section 163.01(5)(o), F.S.
[16] See, AGO 82-37 (the several public agencies entering into an interlocal agreement under s. 163.01, F.S., remain jointly
[17] See, State v. Egan, 287 So.2d 1, 4 (Fla. 1973); Gasson v. Gay, 49 So.2d 525, 526 (Fla. 1950); and State v. Tunnicliffe,124 So. 279, 281 (Fla. 1929), for the proposition that words in common use in a statute are to be construed in their plain and ordinary signification, unless they are used in their technical sense.
[18] See, Webster's New Collegiate Dictionary 716 (1975). And see, The American Heritage Dictionary of the English Language 818 (new college edition 1979).
[19] Cf., Chaffee v. Miami Transfer Company, Inc., 288 So.2d 209
(Fla. 1974), and AGO 81-10. And see, AGO's 87-43, 86-32 and 82-20, for the proposition that the Attorney General's Office has no authority to supply additional words to or modify the meaning of a duly enacted statute.