Mr. Joseph C. Shoemaker Lake County School Board Attorney Post Office Box 491357 Leesburg, Florida 34749-1357
Dear Mr. Shoemaker:
You have asked for my opinion on substantially the following question:
Do voluntary payroll deductions by public employers made to support a political action committee constitute special assessments, which a public employer is prohibited from collecting under section 447.303, Florida Statutes?
In sum:
Voluntary payments to a political action committee by public employees are not special assessments which a public employer is prohibited from collecting under section 447.303, Florida Statutes.
According to your letter, a Lake County School Board employee union wishes to have voluntary payroll deductions made on behalf of those members of the union who wish to contribute to political action committee activity. You are aware of Attorney General's Opinion 98-19 concluding that section 112.171, Florida Statutes, authorizes a county, in its sole discretion, to make deductions from the salary or wages of any employee when such deduction meets the county's standards or restrictions for such withholding, and the deduction is in an amount authorized and requested by the employee for those purposes. You note that section 447.303, Florida Statutes, also deals with deductions from employee wages for union activities and ask whether this statute would prohibit payroll deductions for political action committees.
Section 447.303, Florida Statutes, deals with the deduction and collection of labor organization dues on behalf of public employees:
"Any employee organization which has been certified as a bargaining agent shall have the right to have its dues and uniform assessments deducted and collected by the employer from the salaries of those employees who authorize the deduction of said dues and uniform assessments. However, such authorization is revocable at the employee's request upon 30 days' written notice to the employer and employee organization. Said deductions shall commence upon the bargaining agent's written request to the employer. Reasonable costs to the employer of said deductions shall be a proper subject of collective bargaining. Such right to deduction, unless revoked pursuant to s. 447.507, shall be in force for so long as the employee organization remains the certified bargaining agent for the employees in the unit. Thepublic employer is expressly prohibited from any involvement inthe collection of fines, penalties, or special assessments."
(e.s.)
You recognize that voluntary contributions to support a political action committee are not fines or penalties, thus your question is whether they constitute special assessments.
The term "special assessment" is not defined for purposes of Chapter 447, Florida Statutes. In the absence of any statutory definition, a term should be given its usual and ordinary meaning.[1] The dictionary definition of the word "assessment" includes: "A levy made on members of an organization (as a club or union) for a special purpose not covered by dues."[2] An essential element of an assessment is the obligation or duty to pay.[3] By definition, an assessment is involuntary.
The situation you have described involves voluntary contributions to a political action committee. Thus, the voluntary payroll deductions about which you inquire are not assessments at all and would not constitute special assessments, which a public employer is prohibited from collecting under the provisions of section447.303, Florida Statutes. Therefore, under the rationale of Attorney General's Opinion 98-19, the school board may, in its sole discretion, make these deductions if they meet the standards or restrictions of the school board for such withholding and are in an amount authorized and requested by the employee for those purposes.
In sum, it is my opinion that voluntary payments to a political action committee by public employees are not special assessments which a public employer is prohibited from collecting under section 447.303, Florida Statutes.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tgh
[1] See, e.g., Gasson v. Gay, 49 So.2d 525 (Fla. 1950);Citizens of State v. Public Service Commission, 425 So.2d 534
(Fla. 1982).
[2] Webster's Third New International Dictionary 131 (unabridged ed. 1981).
[3] See, In re Petition for Declaratory Statement of the ManateeCounty School Board, 6 FPER 11212 (1980), determining that an assessment is an involuntary, compulsory payment required by the union as a condition for maintaining union membership or avoiding union disciplinary action. And see, Benevolent Association ofCoachmen v. Broward County, Division of Mass. Transit v.Amalgamated Transit Union, Local 1267, 15 FPER 20331 (1989), concluding that "an assessment levied for a purpose related to the collective bargaining or contract administration functions of the bargaining agent and shared equally among all members of the union constitutes a uniform assessment, which the bargaining agent is entitled to have deducted from the wages of consenting employees pursuant to s. 447.303. Conversely, a levy which is imposed upon a select portion of the membership for a purpose other than collective bargaining or contract negotiation is a special assessment not subject to wage deduction even if authorized by the employees." at p. 704.