SHAW, Justice.
The broad issue before us is the authority of the Department of Revenue (department) to overrule or challenge decisions of a County Property Appraiser (appraiser) or Property Appraisal Adjustment Board (board). Redford v. Department of Revenue, 452 So.2d 961 (Fla. 3d DCA 1984). We have jurisdiction. Art. V, § 3(b)(3), Fla. Const.
Miami International Airport is owned by Dade County. In initially preparing the real property assessment rolls for 1979, the appraiser granted tax exemptions to twenty-five leaseholders at the airport. Upon reviewing the assessment rolls in accordance with section 193.114, Florida Statutes (1977),[1] the department disapproved these tax exemptions and directed the appraiser to correct the assessment rolls accordingly. Although the appraiser could have appealed the department’s decision to the Assessment Administration Review Commission in accordance with section 195.098, the appraiser adopted the department’s position and forwarded the corrected assessment rolls to the board for hearings in accordance with section 194.032. The board, acting on its own volition, held hearings on the leaseholds, determined that they were exempt, and certified the amended rolls to the appraiser. Although the department requested that the appraiser appeal the board’s decisions in accordance with sections 193.122(2) and 194.032(6), the appraiser refused to do so. The department then brought this action under section 195.092 in circuit court against the appraiser and the board seeking a determination that the twenty-five leaseholds were not exempt under sections 196.001(2), 196.012(5), and 196.-199(2). The circuit court granted the department a summary judgment on finding that the leaseholds were for commercial, profit-making purposes and did not constitute a governmental, municipal, or public purpose function as defined in sections 196.012(5) and 196.199(2). In doing so, the circuit court rejected the argument that the leaseholds were exempt under sections 125.019 and 159.15. The circuit court ordered the appraiser to prepare a supplemental assessment roll containing the leaseholds at issue and to certify said rolls to the tax collector. On appeal the district court affirmed that portion of the order directing that the leaseholds be placed on the rolls and certified for collection but vacated that part of the order purporting to determine that the leaseholds were not exempt. On this latter point the district court held that the affected taxpayers would be granted sixty days to challenge the assessment.
We agree with the result reached by the district court but disagree in part with its rationale. We note first that the leaseholders were not parties below and are not parties here, nor, so far as we can tell, were they parties before the board when it decided on its own volition to overrule the decision of the appraiser and department that the leaseholds were not exempt. This was error. Under section 194.032(l)(c), the board may hear appeals from taxpayers on exemptions which the appraiser has denied and, under section 196.194, may review on its own volition or the motion of the appraiser any exemptions which have been granted. However, there is no provision in law for the board on its own volition to review decisions of the appraiser not to grant exemptions. The board is a quasi-judicial body established for the primary purpose of hearing taxpayer petitions and complaints against decisions of the appraiser. The procedures set forth in section 194.032 contemplate that there will be adversary parties before the board who will bear the burden of making their case and will initi *811 ate any appeals of board decisions to circuit courts.
Petitioners urge numerous points on us. Because of the posture of the case and the inadequacy of the record on appeal, many of these points are not ripe for review. We resolve only those points necessary to our decision.
Petitioners urge that the department had no authority to bring this action under sections 194.032(6) and 194.181 — that only taxpayers or property appraisers are authorized to appeal board decisions. In the posture of the case we disagree. First, the appraiser had an opportunity to appeal the initial decision of the department that the leaseholds were not exempt when the department first directed that the leaseholds be added to the rolls. § 195.098. Having chosen to adopt the position of the department rather than appeal the department’s decision, the appraiser was in no position to defy the department’s directive. Second, the board acted without authority when, on its own volition, it chose to review the decision of the appraiser and department. Third, the department has authority under section 195.092 to bring actions at law or equity to enforce any lawful order, rule, regulation or decision of the department lawfully made under the authority of the tax laws.
Petitioners also urge that the district court erred because its holding permits the department to usurp the responsibilities of the appraiser and board and to use the courts to coerce these entities without any inquiry into or determination of the merits of the department’s position and in total disregard of the due process rights of the affected taxpayers. Petitioners either misunderstand or greatly exaggerate the district court’s holdings. The district court did state that an action under section 195.-092 does not contemplate a merit determination by the circuit court. We agree with petitioners that this statement, standing alone, is incorrect. However, the district court went on to state that the affected taxpayers were not before the court and a judgment in the ease could not preclude the rights of the taxpayers to challenge the denial of the exemptions. Accordingly, the district court directed that the affected taxpayers be given sixty days to challenge the merits of the denial of the exemptions. We agree that this is a proper disposition under the circumstances of the case. As we pointed out above, the appraiser failed to exercise his right to appeal the department’s position, adopting it as his own, and the board had no authority, on its own volition, to overrule the decision of the appraiser and department that the leaseholds were not exempt. The decision of the district court, insofar as it is possible to do so given the procedural errors of the appraiser and board, places the case in its correct posture before the circuit court— the department versus the affected taxpayers. Parenthetically, we add that it would have been preferable from the standpoint of judicial economy for the department to have included the affected taxpayers in its suit. This would have permitted the circuit court to reach a judgment on the merits which would have bound all interested parties.
All parties urge that we reach the merits of whether the leaseholds are exempt. We decline to do so for two reasons. First, all the affected parties are not before us and have not been heard below. Second, the record on appeal is inadequate to make such a determination. We are not informed who the leaseholders are or of what the leaseholds consist.
Petitioners also urge that we determine whether the appraiser may “back-assess” taxes on the leaseholds in view of the three-year limitation contained in section 193.092. We decline to render an advisory opinion on this issue until such time as a judgment binding all the affected parties is before us.
The decision of the district court is approved and the case remanded for proceedings consistent with this decision.
It is so ordered.
*812 BOYD, C.J., and ADKINS, ALDERMAN and EHRLICH, JJ., concur.
OVERTON, J., concurs with an opinion.
McDONALD, J., concurs in result only.

. All references to sections are to Florida Stat-ates (1977).