LEVY, Judge.
In the context of a challenge to property tax assessments, defendant below petitions for relief from certain orders of the trial court compelling discovery against him.
Petitioner was appointed by the Dade County Property Appraisal Adjustment Board (the Board), under section 194.035 Florida Statutes (1987), to act as a special master in the hearing of tax assessment challenges. Respondent corporation represented various property owners who wished to challenge certain personal property assessments, which challenge commences with an appearance by the property owner or his agent before a designated special master. On behalf of one of its clients, respondent, acting through one of its officers, former Dade County Property Appraiser A.H. Blake, Jr., appeared at a January 24, 1989 hearing before petitioner. During the course of the hearing, Mr. Blake challenged petitioner’s qualifications to appraise personal property, and, finally, demanded that petitioner recuse himself as special master. Thereafter, respondent filed it’s complaint for declaratory and in-junctive relief against the Board and joined petitioner as a defendant. In relevant part, the complaint alleged that petitioner was generally unqualified and was specifically prejudiced against respondent. The complaint sought petitioner’s removal from his position as special master, the entry of a temporary injunction preventing petitioner from acting in connection with any matters presented by respondent before the Board, and new hearings before another special master.
Subsequently, respondent sought to depose petitioner and, in addition, requested production of documents relating to the issue of petitioner’s qualifications. On May 18, 1989, the court ordered petitioner to appear at the deposition and to produce all the requested items. On June 2, 1989, the court ordered that petitioner comply with the May 18th order no later than June 8, 1989. On June 8th, petitioner filed his petition herein seeking review of the court’s orders of May 18th and June 2nd.
We grant the Petition for Writ of Prohibition upon a finding that, as a special master, the petitioner is a quasi-judicial officer. See generally Bedford v. Dept of *538 Revenue, 478 So.2d 808, 810 (Fla.1985). As such, he is immune from suit. Rivello v. Cooper City, 322 So.2d 602 (Fla. 4th DCA 1975).
Finally, appellant argues that appel-lee lacks the necessary standing to have initiated this lawsuit in the first place. We agree. Jamlynn Investments Corp. v. San Marco Residences of Marco Condominium Association, Inc., 544 So.2d 1080 (Fla. 2d DCA 1989).
In view of the appellant’s immunity, as described above, we find that the trial court’s discovery orders were improvidently entered. Accordingly, we quash the challenged orders. Confident in our judgment that the trial court will dismiss the underlying action, for the reasons discussed herein, we believe it will be unnecessary for this Court to issue the Writ.