Mr. Steven A. Schultz, Attorney Dade County Value Adjustment Board First Union Financial Center, Suite 3150 200 South Biscayne Boulevard Miami, Florida 33131-2311
Dear Mr. Schultz:
On behalf of the Dade County Value Adjustment Board, you have asked substantially the following question:
May a civil traffic infraction hearing officer serve simultaneously as a special master of a county value adjustment board without violating the dual officeholding prohibition in Article II, section 5(a), Florida Constitution?
In sum:
A special master of a value adjustment board is an officer for purposes of Article II, section 5(a), Florida Constitution, and service in this position by a person who simultaneously is a civil traffic infraction hearing officer would violate the dual officeholding provision of the Constitution.
According to your letter, the Dade County Value Adjustment Board (the "board") is a quasi-judicial governmental body created pursuant to section 194.015, Florida Statutes. Among other things, the board hears appeals initiated by taxpayers contesting the denial of tax exemptions and agricultural classifications for their properties by the Dade County Property Appraiser. After hearing an appeal, the board has the power and duty to grant tax exemptions and agricultural classifications for those properties it determines to be eligible based on established legal principles and the evidence presented. Since these types of cases involve the application of legal principles, the board employs the services of approximately eight attorney special masters to conduct these hearings. The board also hires professional appraisers as special masters to conduct hearings pertaining to the "valuation" of property for tax purposes.
Recently, the board received an application from an attorney who is currently serving as a "civil traffic infraction hearing officer" pursuant to section 318.30, and who would like to serve as a special master for the board. Civil traffic infraction hearing officers are specifically authorized to accept pleas of guilty or not guilty, adjudicate or withhold adjudication of guilt and assess fines and costs. You state that a civil traffic infraction hearing officer is "an official appointed under a state statute, subject to the supervision of the Supreme Court" and is an officer as this position clearly exercises sovereign powers. Thus, the board is concerned that the simultaneous service of such a hearing officer as a special master for the value adjustment board may violate the dual officeholding prohibition of the Florida Constitution.
The constitutional dual officeholding provision is contained in Article II, section 5(a), of the Florida Constitution, and states that:
"No person shall hold at the same time more than one office under the government of the state and the counties and municipalities therein, except that a notary public or military officer may hold another office, and any officer may be a member of a constitution revision commission, taxation and budget reform commission, constitutional convention, or statutory body having only advisory powers."
Thus, in the absence of a definition of the term "office" or "officer" for this purpose, the question becomes whether a particular undertaking constitutes an "office" or an "employment." Employment does not subject the holder of the position to dual officeholding considerations since the courts have determined that employment does not involve the delegation of any of the sovereign power of the state.[1] As the Florida Supreme Court has stated:
"A person in the service of the government, who derives his position from a duly and legally authorized election or appointment, whose duties are continuous in their nature, and defined by rules prescribed by government, and not by contract, consisting of the exercise of important public powers, trusts, or duties, as a part of the regular administration of the government, the place and the duties remaining though the incumbent dies or is changed, is a public officer; every `office,' in the constitutional meaning of the term, implying an authority to exercise some portion of the sovereign power, either in making, executing, or administering the laws."[2]
Thus, it is the delegation of any part of the authority of the sovereign that distinguishes an officer from an employee.
Pursuant to section 194.035(1), Florida Statutes:
"The board is authorized to appoint special masters for the purpose of taking testimony and making recommendations to the board, which recommendations the board may act upon without further hearing. Such special masters may not be elected or appointed officials or employees of the county but shall be selected from a list of those qualified individuals who are willing to serve as special masters. . . . A special master shall be either a member of The Florida Bar and knowledgeable in the area of ad valorem taxation or a designated member of a professionally recognized real estate appraisers' organization and have not less than 5 years' experience in property valuation. A special master need not be a resident of the county in which he or she serves. No special master shall be permitted to represent a person before the board in any tax year during which he or she has served that board as a special master. . . . The expense of hearings before special masters and any compensation of special masters shall be borne three-fifths by the board of county commissioners and two-fifths by the school board."
The statute provides that special masters can take testimony and make recommendations to the board of adjustment, and the board may act on these recommendations without any further inquiry.
Special masters for value adjustment boards have been determined to be quasi-judicial officers. In Rodriguez v. Tax AdjustmentExperts of Florida, Inc.,[3] a taxpayer brought an action against the Dade County Property Appraisal Adjustment Board under section194.035, Florida Statutes (1987), to challenge the qualifications of the special master to hear tax assessment challenges. The court determined that certain discovery orders entered by the trial court against the special master were not appropriate because the special master was a quasi-judicial officer[4] who enjoyed judicial immunity for his actions and was, therefore, immune from suit.[5] Based on this determination of quasi-judicial status and judicial immunity, it is my opinion that a special master appointed pursuant to section 194.035, Florida Statutes, is an officer for purposes of Article II, section 5(a), Florida Constitution.
Therefore, the simultaneous service of a civil traffic infraction hearing officer as a special master for the county value adjustment board would violate the dual officeholding prohibition of the Florida Constitution.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tgk
[1] See, State ex rel. Holloway v. Sheats, 83 So. 508 (Fla. 1919) ("An employment does not authorize the exercise in one's own right of any sovereign power or any prescribed independent authority of a governmental nature; and this constitutes, perhaps, the most decisive difference between an employment and an office, and between an employe[e] and an officer."). And see, Ops. Att'y Gen. Fla. 69-5 (1969) (assistant public defender an employee), 73-332 (1973) (attorney for county commission an employee), and 84-93 (1984) (legal counsel to local government code enforcement board an employee).
[2] State ex rel. Clyatt v. Hocker, 22 So. 721 (Fla. 1897).
[3] 551 So.2d 537 (Fla. 3d DCA 1989).
[4] See, id. 537-538, citing Redford v. Department of Revenue,478 So.2d 808, 810 (Fla. 1985).
[5] Rodriguez, id. citing Rivello v. Cooper City, 322 So.2d 602
(Fla. 4th DCA 1975).