Mr. Jim Zingale Executive Director Florida Department of Revenue 5050 West Tennessee Street Tallahassee, Florida 32399-0100
Dear Mr. Zingale:
You have asked for my opinion on substantially the following question:
If taxpayer information that is confidential under section193.074, Florida Statutes, is submitted by a taxpayer to a value adjustment board as evidence in a dispute, does this information become a public record or must it be maintained as confidential?
In sum:
Taxpayer information that is confidential in the hands of certain specified officers under section 193.074, Florida Statutes, is subject to the inspection and copying requirements of Florida's Public Records Law when it has been submitted by a taxpayer to a value adjustment board as evidence in an assessment dispute.
As you note, the Department of Revenue has the statutory responsibility under section 195.096, Florida Statutes, to review the property tax assessment rolls of each county. The department must conduct an in-depth review of this information no less frequently than once every two years. Section 195.096(2), Florida Statutes, provides that "[s]uch in-depth review may include proceedings of the value adjustment board[.]" In light of your oversight responsibilities, you ask if confidential taxpayer information submitted to the value adjustment board during the course of a dispute must be treated as confidential information or whether it becomes a public record.
Section 193.074, Florida Statutes, provides for the confidentiality of certain taxpayer information:
"All returns of property and returns required by s. 201.022[1]
submitted by the taxpayer pursuant to law shall be deemed to be confidential in the hands of the property appraiser, the clerk of the circuit court, the department, the tax collector, the Auditor General, and the Office of Program Policy Analysis and Government Accountability, and their employees and persons acting under their supervision and control, except upon court order or order of an administrative body having quasi-judicial powers in ad valorem tax matters, and such returns are exempt from the provisions of s.119.07(1)."
Thus, in the hands of those officers named in the statute, this taxpayer information is confidential and exempt from the provisions of the Public Records Law unless a court or administrative body orders the production of these records. While this statute authorizes the production of these records upon entry of an order by a value adjustment board ("an administrative body having quasi-judicial powers in ad valorem tax matters"), the statute does not specifically include value adjustment boards among the entities in whose hands these records are to be maintained as confidential.
It is the policy of this state that all state, county, and municipal records shall be open for personal inspection by any person.[2] The phrase "[p]ublic records" is defined in section119.011(1), Florida Statutes, to include "all documents, papers, letters, maps, books, tapes, . . . or other material, regardless of the physical form, characteristics, or means of transmission, made or received pursuant to law or ordinance or in connection with the transaction of official business by any agency."[3]
Thus, the issues to be resolved are whether these records, when submitted to a value adjustment board, are "made or received pursuant to law or ordinance or in connection with the transaction of official business" and whether there is any statutory exemption for taxpayer records submitted to the value adjustment board.
Pursuant to Chapter 196, Florida Statutes, unless property is expressly exempted from taxation, it must be taxed as provided by law. Included within the scope of this requirement is:
"(1) All real and personal property in this state and all personal property belonging to persons residing in this state; and
(2) All leasehold interests in property of the United States, of the state, or any political subdivision, municipality, agency, authority, or other public body corporate of the state."[4]
However, Chapter 196, Florida Statutes, contains various exemptions from this mandate.
Section 196.193(5), Florida Statutes, provides that:
"In the event the property appraiser shall determine that any property claimed as wholly or partially exempt under this section is not entitled to any exemption or is entitled to an exemption to an extent other than that requested in the application, he or she shall notify the person or organization filing the application on such property of that determination in writing on or before July 1 of the year for which the application was filed. All notifications must specify the right to appeal to the value adjustment board and the procedures to follow in obtaining such an appeal. Thereafter, the person or organization filing such application, or a duly designated representative, may appeal that determination by the property appraiser to the board at the time of its regular hearing. In the event of an appeal, the property appraiser or the property appraiser's representative shall appear at the board hearing and present his or her findings of fact. If the applicant is not present or represented at the hearing, the board may make a determination on the basis of information supplied by the property appraiser or such other information on file with the board."
At least two weeks prior to the value adjustment board meeting, notice of the meeting must be published in a general circulation newspaper within the county.[5] This notice must indicate that lists maintained by the property appraiser of successful and unsuccessful applicants for exemptions are available for consideration by the public at a designated location.[6]
Value adjustment boards, formerly boards of equalization, are created pursuant to section 194.015, Florida Statutes, which provides that "[t]here is hereby created a value adjustment board for each county[.]"[7] These boards are quasi-judicial bodies established for the primary purpose of hearing taxpayer petitions and complaints against decisions of the county property appraiser.[8] The statutes prescribe the membership of the board: three members of the county commission who are elected by the commission and two members of the school board who are elected by the school board.[9] One of the members from the county governing body must serve as chairperson of the board.[10] Quorum requirements and other procedural considerations are addressed in section 194.015, Florida Statutes.
Hearings of the value adjustment board must be held after approval of the assessment rolls by the Department of Revenue.[11] The types of issues that may be considered by a value adjustment board are:
"1. Petitions relating to assessments filed pursuant to s.194.011(3).
2. Complaints relating to homestead exemptions as provided for under s. 196.151.
3. Appeals from exemptions denied, or disputes arising from exemptions granted, upon the filing of exemption applications under s. 196.011.
4. Hearing appeals concerning ad valorem tax deferrals and classifications."[12]
At the meeting of the value adjustment board
"[t]he . . . board shall hear disputed or appealed applications for exemption and shall grant such exemptions in whole or in part in accordance with criteria set forth in this chapter. It may review exemptions on its own motion or upon motion of the property appraiser. Review of an exemption application upon motion of the board shall not be held until the applicant has had at least 5 calendar days' notice of the intent of the board to review the application."[13]
The procedures to be used by the value adjustment board in considering exemptions are those set forth in Chapter 194, Florida Statutes.[14] The statute requires that "[r]ecords of the value adjustment board showing the names of persons and organizations granted exemptions, the street address or other designation of location of the exempted property, and the extent of the exemptions granted shall be part of the public record."[15]
There is no question that taxpayer records submitted to a value adjustment board are "made or received pursuant to law or ordinance or in connection with the transaction of official business." Further, the exemption contained in section 193.074, Florida Statutes, provides that these records are confidential "in the hands of the property appraiser, the clerk of the circuit court, the department (Department of Revenue), the tax collector, the Auditor General, and the Office of Program Policy Analysis and Government Accountability, and their employees and persons acting under their supervision and control[.]"
The Florida Supreme Court has recognized that value adjustment boards have their origin in the historical duties of county commissions. In Bath Club, Inc. v. Dade County,[16] the Court stated:
"An examination of the history of the structure for ad valorem tax appeals reveals that the functional and nomenclatural roots of the Board can be traced to the county commissions' original duties. In 1895, the legislature provided that exclusive responsibility for hearing taxpayer appeals from assessments was in the county commissions, sitting as "boards of equalization." These Boards remained substantially unaltered until 1969, when the legislature enacted section 194.015 to change the name of the tribunal to the Board of Tax Adjustment and to diversify its membership to include school board members. In 1976, the Board was given its present designation." (citations omitted)
Based on this historical analysis, it does not appear that value adjustment boards may be seen to be acting under the supervision and control of any of the officers named in section 193.074, Florida Statutes. Rather, their duties and responsibilities have evolved from those of county governing bodies. Thus, while the statute allows a value adjustment board to secure otherwise confidential records for use in its proceedings, nothing in the statute extends that confidentiality to evidence received by the value adjustment board.
The Public Records Law is to be liberally construed in favor of open government, and exemptions from disclosure are to be narrowly construed so they are limited to their stated purpose.[17] As provided by section 193.074, Florida Statutes, property tax returns submitted by taxpayers are confidential in the hands of certain officers, their employees, and others working for them. Reading this exemption from the Public Records Law narrowly, value adjustment boards are not among the entities or officials to whom this confidentiality extends. It is the rule that a legislative direction as to how a thing shall be done is, in effect, a prohibition against its being done in any other way.[18]
Therefore, it is my opinion that taxpayer information that is confidential in the hands of certain specified officers under section 193.074, Florida Statutes, is subject to the inspection and copying requirements of Florida's Public Records Law when it has been submitted by the taxpayer to the value adjustment board as evidence in an assessment dispute. However, in consideration of the sensitive nature of taxpayer records and the possibility that this conclusion may dissuade taxpayers from challenging assessments in an administrative proceeding, it may be appropriate for the Legislature to consider amending section 193.074, Florida Statutes, to extend confidentiality to these records in the hands of value adjustment boards.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tgh
[1] Section 201.022, Fla. Stat., requires the filing of a return with the clerk of the circuit court which states the actual consideration paid for an interest in real property.
[2] Section 119.01(1), Fla. Stat.
[3] And see, Art. I, s. 24, Fla. Const. 
[4] Section 196.001, Fla. Stat.
[5] Section 196.194(2), Fla. Stat.
[6] Id.
[7] Section 194.015, Fla. Stat.
[8] See, Redford v. Department of Revenue, 478 So.2d 808 (Fla. 1985).
[9] Section 194.015, Fla. Stat.
[10] Id.
[11] Section 194.032(1)(a), Fla. Stat.
[12] Section 194.032(1)(a)1.-4., Fla. Stat.
[13] Section 196.194(1), Fla. Stat.
[14] Section 196.194(3), Fla. Stat.
[15] Id.
[16] 394 So.2d 110, 113 (Fla. 1981).
[17] See, Krischer v. D'Amato, 674 So.2d 909, 911 (Fla. 4th DCA 1996); Seminole County v. Wood, 512 So.2d 1000, 1002 (Fla. 5th DCA 1987), rev. den., 520 So.2d 586 (Fla. 1988); Tribune Companyv. Public Records, 493 So.2d 480, 483 (Fla. 2d DCA 1986), rev.den. sub nom., Gillum v. Tribune Company, 503 So.2d 327 (Fla. 1987).
[18] See, e.g., Thayer v. State, 335 So.2d 815, 817 (Fla. 1976); Dobbs v. Sea Isle Hotel, 56 So.2d 341, 342 (Fla. 1952);Alsop v. Pierce, 19 So.2d 799, 805-806 (Fla. 1944).