Mr. Steven A. Schultz Attorney for the Miami-Dade County VAB The Ingraham Building 25 Southeast 2nd Avenue, Suite 1135 Miami, Florida 33131-1506
Dear Mr. Schultz:
On behalf of the Miami-Dade County Value Adjustment Board, you have asked for my opinion on substantially the following question:
Can a special magistrate for the Miami-Dade County Value Adjustment Board serve simultaneously as a member of the City of Miami Code Enforcement Board?
You have advised this office that the Miami-Dade County Value Adjustment Board is a quasi-judicial governmental body created pursuant to section194.015, Florida Statutes. The board hears appeals initiated by taxpayers contesting the denial of tax exemptions and agricultural classifications for their properties by the Miami-Dade County Property Appraiser, pursuant to sections 194.011 and 194.032(1)(a), Florida Statutes. The board has the power and duty to grant tax exemptions and agricultural classifications for those properties it determines to be eligible for such classifications, based on established legal principles and the evidence presented. Since these types of cases involve the application of legal principles, the board employs the service of approximately eight attorney special magistrates to conduct the hearings.
The constitutional dual officeholding provision is contained in Article II, section 5(a), of the Florida Constitution, and provides in part that:
"No person shall hold at the same time more than one office under the government of the state and the counties and municipalities therein, except that a notary public or military officer may hold another office, and any officer may be a member of a constitution revision commission, taxation and budget reform commission, constitutional convention, or statutory body having only advisory powers."
In the absence of any definition of the term "office" or "officer" for purposes of interpreting the constitutional dual officeholding prohibition, the issue becomes whether a particular undertaking constitutes an "office" or is instead an "employment." Employment does not subject the holder of the position to dual officeholding considerations since the courts have determined that employment does not involve the delegation of any of the sovereign power of the state.[1]
The Florida Supreme Court has stated that a person in the service of the government, who derives his position from a duly and legally authorized election or appointment, whose duties are continuous in their nature and defined by rules prescribed by government and not by contract, consisting of the exercise of important public powers, trusts, or duties, as part of the regular administration of the government is a public officer.[2]
Every "office," as that term is used in the constitution, implies an authority to exercise some portion of the sovereign power, either in making, executing, or administering the laws.[3] Thus, it is the delegation of any part of the authority of the sovereign that distinguishes an officer from an employee.
Section 194.035(1), Florida Statutes, provides in part:
"[T]he board shall appoint special magistrates for the purpose of taking testimony and making recommendations to the board, which recommendations the board may act upon without further hearing. These special magistrates may not be elected or appointed officials or employees of the county but shall be selected from a list of those qualified individuals who are willing to serve as special magistrates. Employees and elected or appointed officials of a taxing jurisdiction or of the state may not serve as special magistrates."
Florida courts have determined that special masters for value adjustment boards are quasi-judicial officers. In Rodriguez v. Tax AdjustmentExperts of Florida, Inc.,[4] a taxpayer brought an action against the Dade County Property Appraisal Adjustment Board under section 194.035, Florida Statutes (1987), to challenge the qualifications of the special master to hear tax assessment challenges. The court determined that certain discovery orders entered by the trial court against the special master were not appropriate because the special master was a quasi-judicial officer[5] who was entitled to judicial immunity for his actions and was, therefore, immune from suit.[6] Based on this determination of quasi-judicial status and judicial immunity, this office has determined that a special master appointed pursuant to section 194.035, Florida Statutes, is an officer for purposes of Article II, section 5(a), Florida Constitution.[7]
According to your letter, the City of Miami's Code Enforcement Board is established under Part I, Chapter 162, Florida Statutes. One attorney special magistrate for the City of Miami Gardens Value Adjustment Board has recently been afforded the opportunity to be appointed to serve on the City of Miami's Code Enforcement Board.
Chapter 162, Florida Statutes, is the "Local Government Code Enforcement Boards Act."[8] The legislative intent for adopting the act is expressed in section 162.02, Florida Statutes:
"It is the intent of this part to promote, protect, and improve the health, safety, and welfare of the citizens of the counties and municipalities of this state by authorizing the creation of administrative boards with authority to impose administrative fines and other noncriminal penalties to provide an equitable, expeditious, effective, and inexpensive method of enforcing any codes and ordinances in force in counties and municipalities, where a pending or repeated violation continues to exist."
Counties and municipalities may create local government code enforcement boards by ordinance as provided in Chapter 162, Florida Statutes.[9]
This ordinance may give code enforcement boards "the authority to hold hearings and assess fines against violators of the respective county or municipal codes and ordinances."[10]
Pursuant to section 162.08, Florida Statutes, each code enforcement board has the power to:
"(1) Adopt rules for the conduct of its hearings.
(2) Subpoena alleged violators and witnesses to its hearings. Subpoenas may be served by the sheriff of the county or police department of the municipality.
(3) Subpoena evidence to its hearings.
(4) Take testimony under oath.
(5) Issue orders having the force of law to command whatever steps are necessary to bring a violation into compliance."
Thus, the powers and duties of code enforcement boards are quasi-judicial in nature. Appeals from a final order of a code enforcement board are limited to appellate review of the record rather than a hearing de novo. Such appeals are within the jurisdiction of the circuit court.[11]
This office has issued several opinions determining that code enforcement board members are officers for purposes of the dual officeholding prohibition. In Attorney General Opinion 81-61 this office considered the duties and responsibilities of a code enforcement board member under Chapter 162, Florida Statutes,[12] and, based on the powers set forth in the statutes, determined that board members are officers for purposes of Article II, section 5(a), Florida Constitution. The issue was considered again subsequently, and Attorney General Opinion 97-37 affirmed the earlier determination that code enforcement board members are officers for purposes of the prohibition on dual officeholding.[13]
You have directed my attention to two previously issued Attorney General Opinions that determined code enforcement officers, as described in Part II, Chapter 162, Florida Statutes, and code inspectors under Part I of this chapter, are employees or agents of the local governments that employ them rather than officers who exercise the sovereign powers of those governments. Thus, as discussed in Attorney General Opinions 97-12 and 94-40, while the statutes do use the term "code enforcement officer," the duties and responsibilities of this position are not those of an officer for purposes of Article II, section 5(a), Florida Constitution. Code enforcement officers are specifically referred to in Chapter 162 as employees or agents of the local governments they serve.[14] However, the conclusions in those opinions do not apply to the situation you have described involving code enforcement board members as officers for purposes of the prohibition on dual officeholding.
In sum, it is my opinion that service as a member of a value adjustment board constitutes an office within the scope of Article II, section 5(a), Florida Constitution, and that service on a code enforcement board also constitutes an office for purposes of the prohibition on dual officeholding. Thus, a value adjustment board member would be precluded by the constitutional dual officeholding prohibition from simultaneously serving as a member of a code enforcement board.
Sincerely,
Charlie Crist Attorney General
CC/tgh
[1] See State ex rel. Holloway v. Sheats, 83 So. 508 (Fla. 1919) ("An employment does not authorize the exercise in one's own right of any sovereign power or any prescribed independent authority of a governmental nature; and this constitutes perhaps the most decisive difference between an employment and an office, and between an employe[e] and an officer."). And see, e.g., Ops. Att'y Gen. Fla. 96-91 (1996) (special master of county value adjustment board an officer); 84-93 (1984) (legal counsel to local government code enforcement board an employee); and 73-332 (1973) (attorney for county commission an employee).
[2] State ex rel. Clyatt v. Hocker, 22 So. 721 (Fla. 1897).
[3] Id.
[4] 551 So.2d 537 (Fla. 3rd DCA 1989).
[5] See id. 537-538, citing Redford v. Department of Revenue,478 So.2d 808, 810 (Fla. 1985).
[6] Rodriguez, id., citing Rivello v. Cooper City, 322 So.2d 602 (Fla. 4th DCA 1975).
[7] See Op. Att'y Gen. Fla. 96-91 (1996). Cf., Inf. Op. to Bingham, dated April 12, 1999 (municipal hearing master for vehicle impoundment program an officer).
[8] See s. 162.01, Fla. Stat., for the short title for the act.
[9] Section 162.03(1), Fla. Stat.
[10] Section 162.03(2), Fla. Stat.
[11] See s. 162.11, Fla. Stat.
[12] The statutory language referred to was contained in s. 166.058, Fla. Stat. (1981), at the time the opinion was rendered. The statute was subsequently renumbered and the relevant language is now contained in s.162.08, Fla. Stat. See s. 7, Ch. 82-37, Laws of Fla.
[13] And see Op. Att'y Gen. Fla. 01-28 (2001)
[14] See ss. 162.04(2), defining "[c]ode inspector", 162.06, setting forth enforcement procedures, and 162.21(1) and (2), Fla. Stat., defining "code enforcement officer" and indicating who may be designated as a code enforcement officer.