Dear Mr. Baldwin:
As an appointed Lemon Law Arbitrator under section 681.1095, Florida Statutes, you have asked for my opinion on substantially the following question:
Does simultaneous service on the board of directors of Workforce Florida, Inc., pursuant to section 445.004, Florida Statutes, and on the Florida New Motor Vehicle Arbitration Board under section 681.1095, Florida Statutes, violate the constitutional prohibition against dual office-holding?
The constitutional dual office-holding provision is contained in Article II, section 5(a) of the Florida Constitution, and provides in part that:
"No person shall hold at the same time more than one office under the government of the state and the counties and municipalities therein, except that a notary public or military officer may hold another office, and any officer may be a member of a constitution revision commission, taxation and budget reform commission, constitutional convention, or statutory body having only advisory powers."
In the absence of any definition of the term "office" or "officer" for purposes of interpreting the constitutional dual office-holding prohibition, the issue becomes whether a particular undertaking constitutes an "office" or is instead an "employment." Employment does not subject the holder of the position to dual office-holding considerations since the courts have determined that employment does not involve the delegation of any of the sovereign power of the state.[1]
The Florida Supreme Court has stated that a person in government service, who derives his position from a duly and legally authorized election or appointment, whose duties are continuous in their nature and defined by rules prescribed by government and not by contract, consisting of the exercise of important public powers, trusts, or duties, as part of the regular administration of the government is a public officer.[2] Every "office," as that term is used in the constitution, implies an authority to exercise some portion of the sovereign power, either in making, executing, or administering the laws.[3] Thus, it is the delegation of any part of the authority of the sovereign that distinguishes an officer from an employee.
Section 681.1095, Florida Statutes, establishes within the Department of Legal Affairs, the Florida New Motor Vehicle Arbitration Board (Lemon Law Arbitration Board).[4] The board consists of members appointed by the Attorney General for an initial term of one year. The members may then be reappointed for additional terms of two years. Board members are accountable to the Attorney General for the performance of their duties and are provided an exemption from civil liability for their official acts.[5]
Section 681.1095(2), Florida Statutes, describes the authority and duties of the board members:
"The boards shall hear cases in various locations throughout the state so any consumer whose dispute is approved for arbitration by the division may attend an arbitration hearing at a reasonably convenient location and present a dispute orally. Hearings shall be conducted by panels of three board members assigned by the department. A majority vote of the three-member board panel shall be required to render a decision. Arbitration proceedings under this section shall be open to the public on reasonable and nondiscriminatory terms."
Each regional board may have up to eight members:
"The members of the board shall construe and apply the provisions of this chapter, and rules adopted thereunder, in making their decisions. An administrator and a secretary shall be assigned to each board by the Department of Legal Affairs. At least one member of each board must be a person with expertise in motor vehicle mechanics. A member must not be employed by a manufacturer or a franchised motor vehicle dealer or be a staff member, a decisionmaker, or a consultant for a procedure. Board members shall be trained in the application of this chapter and any rules adopted under this chapter, shall be reimbursed for travel expenses pursuant to s. 112.061, and shall be compensated at a rate or wage prescribed by the Attorney General."
Based on a reading of the statutory powers exercised and duties performed by the Florida New Motor Vehicle Arbitration Board, I would conclude that members of the board act in a quasi-judicial capacity as decisionmakers under the statute.[6] This office and the courts have previously concluded that quasi-judicial officers such as special magistrates and code enforcement board members are officers within the scope of the constitutional dual office-holding prohibition.[7]
Therefore, it is my opinion that a Lemon Law Arbitrator under section 681.1095, Florida Statutes, is an officer for purposes of the constitutional dual office-holding prohibition contained in Article II, section 5(a) of the Florida Constitution.
Section 445.004, Florida Statutes, creates a not-for-profit corporation known as "Workforce Florida, Inc."[8] The corporation is administratively housed within the Agency for Workforce Innovation but is not subject to the control, supervision, or direction of that agency. Workforce Florida, Inc., "shall not be a unit or entity of state government " but is incorporated, organized, and operated as provided by Chapter 617, Florida Statutes, the "Florida Not For Profit Corporation Act."[9] However, the Legislature has declared that Workforce Florida, Inc., its board, councils, and advisory committees are subject to the Public Records Law and the Government-in-the- Sunshine Law[10] and has determined that it is to be
"the principal workforce policy organization for the state. The purpose of Workforce Florida, Inc., is to design and implement strategies that help Floridians enter, remain in, and advance in the workplace, becoming more highly skilled and successful, benefiting these Floridians, Florida businesses, and the entire state, and to assist in developing the state's business climate."[11]
Workforce Florida is governed by a board of directors, the appointment and membership of which is controlled by federal law.[12] As codified at 29 United States Code 2821(b), the membership of a state board such as Workforce Florida, Inc., shall include the Governor, two members of each chamber of the Legislature, and representatives of various business organizations, labor organizations, and other organizations who are appointed by the Governor.
The powers and duties of Workforce Florida, Inc., include serving as the state's Workforce Investment Board under the "Workforce Investment Act of 1998."[13] Among the functions of the state board identified in the federal act is the development of allocation formulas for the distribution of funds for adult employment and training activities and youth activities to local areas.[14] Section 445.004(5)(b), Florida Statutes, authorizes the board to provide "oversight and policy direction" to ensure that a number of federal and state programs are administered as required by law. Workforce Florida, Inc., is authorized to adopt administrative rules for the implementation and administration of the programs listed in the statutes as well as rules relating to eligible training providers and auditing and monitoring grant funding.[15] The agency is authorized to contract with both public and private entities to accomplish the directives of section 445.004, Florida Statutes.
Based on the authority of Workforce Florida, Inc., to serve as the state's Workforce Investment Board, the involvement of the board in federal and state funding of workforce programs and the policy and supervisory powers of the agency over efforts of the Agency for Workforce Innovation, it is my opinion that a board member of Workforce Florida, Inc., is an officer for purposes of Article II, section 5(a), Florida Constitution.
Therefore, it is my opinion that simultaneous service on the Florida New Motor Vehicle Arbitration Board pursuant to section 681.1095(3), Florida Statutes, and service on the board of directors of Workforce Florida, Inc., pursuant to section 445.004, Florida Statutes, would violate the constitutional prohibition against dual office-holding.
Sincerely,
 Bill McCollum Attorney General
BM/tgh
[1] See State ex rel. Holloway v. Sheats, 83 So. 508 (Fla. 1919) ("An employment does not authorize the exercise in one's own right of any sovereign power or any prescribed independent authority of a governmental nature; and this constitutes perhaps the most decisive difference between an employment and an office, and between an employee and an officer.") And see, e.g., Ops. Att'y Gen. Fla. 96-91 (1996) (special master of county value adjustment board an officer), 84-93 (1984) (legal counsel to local government code enforcement board an employee), and 73-332 (1973) (attorney for county commission an employee).
[2] State ex rel. Clyatt v. Hocker, 22 So. 721 (Fla. 1897).
[3] Id.
[4] Section 681.1095(1), Fla. Stat.
[5] Id.
[6] Section 681.1095(8), Fla. Stat., states that "[t]he board shall grant relief," and subsection (9), which provides that the decision of the board shall contain written findings of fact and rationale for the decision made by the board.
[7] See Ops. Att'y Gen. Fla. 05-29 (2005), 97B37 (1997), and 81-61 (1981). And see Rodriguez v. Tax Adjustment Experts of Florida, Inc.,551 So. 2d 537 (Fla. 3d DCA 1989); Op. Att'y Gen. Fla. 96-91 (1996). Cf. Inf. Op. to Bingham, dated April 12, 1999 (municipal hearing master for vehicle impoundment program an officer).
[8] Section 445.004(1), Fla. Stat.
[9] Section 445.004(1), Fla. Stat., and see s. 617.01011, Fla. Stat., setting forth the short title for the act.
[10] Section 445.004(1), Fla. Stat.
[11] 445.004(2), Fla. Stat.
[12] The statute requires that the board of directors "membership and appointment must be consistent with Pub.L. No. 105-220, Title I, s. 111(b)[.]"
[13] Section 445.004(5)(a), Fla. Stat.
[14] See Pub.L. No. 105-220, Title I, s. 111(d)(5).
[15] Section 445.004(5)(c), Fla.