Dear Ms. Echeverri:
You ask:
Does section 286.011, Florida Statutes, apply to special magistrates appointed by value adjustment boards to conduct hearings, to take testimony, and to make recommendations to the value adjustment board?
In sum:
Section 286.011, Florida Statutes, applies to special magistrates when they are exercising their delegated authority to act on behalf of the value adjustment boards.
A value adjustment board (VAB) created pursuant to section 194.015, Florida Statutes, is a quasi-judicial governmental body that hears appeals initiated by taxpayers contesting the denial of tax exemptions and/or the valuation of their properties for tax purposes by the county property appraiser. The board conducts hearings at which taxpayers and the property appraiser testify and present documentary evidence either in opposition to or in support of the tax assessment under appeal.[1]
In counties with a population of more than 75,000, the county's VAB is required to appoint special magistrates to take testimony and make recommendations to the board.[2] The recommendations of a special magistrate may be acted upon by the VAB without further hearing.[3] In Value Adjustment Board of Bay County v.Spitzer, [4] the First District Court of Appeals made it clear that a special master appointed by the value adjustment board stands in the shoes of the VAB when taking testimony and conducting evidentiary hearings.[5]
The Government in the Sunshine Law, section 286.011, Florida Statutes, requires that meetings of a public board or commission at which official acts are to be taken be open to the public. The test for whether the meetings of particular boards, commissions or other entities are subject to section 286.011, Florida Statutes, has been judicially determined to be whether the board or other entity is subject to the dominion and control of the Legislature.[6] Value adjustment boards, created pursuant to Chapter 194, Florida Statutes, clearly are under the control of the Legislature.
Section 286.011, Florida Statutes, applies to any meeting of two or more members of the board or commission to discuss some matter that will foreseeably come before that board for action.[7] The statute has been held to extend to the discussions and deliberations of, as well as formal action taken by, a public board or commission.[8]
The courts of this state and this office have consistently stated that there is no "government by delegation" exception to the Sunshine Law such that a public body may avoid application of the law by delegating the conduct of public business to an alter ego.[9] Thus, while the statute would not ordinarily apply to an individual member of a public board or commission or to public officials who are not board or commission members, section 286.011, Florida Statutes, does apply when there has been a delegation of a board's decision-making authority.
While a special magistrate is not a member of a VAB, there has been a delegation of the VAB's responsibilities to the special magistrate which if performed by the board would be subject to the Sunshine Law. The special magistrate, therefore, is subject to section 286.011, Florida Statutes, in carrying out those delegated duties.
Accordingly, I am of the opinion that inasmuch as there has been a delegation of the value adjustment board's responsibilities to the special magistrate which if performed by the board would be subject to the Sunshine Law, the special magistrate, in carrying out those duties, is subject to section 286.011, Florida Statutes.
Sincerely,
 Bill McCollum Attorney General
BM/tls
[1] See s. 194.032(1), Fla. Stat.
[2] Section 194.035, Fla. Stat.
[3] Section 194.035(1), Fla. Stat.
[4] 2009 WL 5151558 (Fla. 1st DCA 2009); 35 Fla. L. Weekly D82, December 31, 2009. See also Rodriguez v. Tax AdjustmentExperts of Florida, Inc., 551 So. 2d 537, 538 (Fla. 3d DCA 1989) (special master is a quasi-judicial officer entitled to judicial immunity); Op. Att'y Gen. Fla. 96-91 (1996) (special master appointed pursuant to s. 194.035, Fla. Stat., is an officer for purposes of Art. II, s. 5(a), Fla. Const.).
[5] Spitzer, id., recognizing that the VAB is not authorized pursuant to s. 194.035(1), Fla. Stat., to conduct evidentiary hearings after the special magistrate has done so and made recommendations.
[6] City of Miami Beach v. Berns, 245 So. 2d 38 (Fla. 1971);Times Publishing Company v. Williams,222 So. 2d 470 (Fla. 2d DCA 1969).
[7] See Board of Public Instruction of Broward County v.Doran, 224 So. 2d 693 (Fla. 1969); Canney v. Board ofPublic Instruction of Alachua County, 278 So. 2d 260 (Fla. 1973); Ops. Att'y. Gen. Fla. 93-79 (1993) and 81-88 (1981).
[8] Times Publishing Company, supra.
[9] See IDS Properties, Inc. v. Town of Palm Beach,279 So. 2d 353, 359 (Fla. 4th DCA 1973), certified questionanswered sub nom., Town of Palm Beach v. Gradison,296 So. 2d 473 (Fla. 1974); News-Press Publishing Company,Inc. v. Carlson, 410 So. 2d 546, 547-548 (Fla. 2d DCA 1982) (when public officials delegate de facto authority to act on their behalf in the formulation, preparation, and promulgation of plans upon which foreseeable action will be taken by the public officials, then delegates stand in the shoes of such public officials insofar as the Sunshine Law is concerned); and Ops. Att'y Gen. Fla. 95-06 (1995), 83-78 (1983), 75-41 (1975), and 74-84 (1974).