Dear Mr. Zischkau, Ms Chase, and Mr. Groot:
As attorneys who hold office as a city commissioner, a member of a planning and zoning commission, a code enforcement hearing officer, or a member of a planning commission, you have asked collectively for an opinion on substantially the following question:
May an attorney who is either a city commissioner, a member of a planning and zoning commission, a code enforcement hearing officer, or a member of a regional planning commission also serve as a code enforcement hearing officer, special magistrate, or magistrate without violating Article II, section 5(a), Florida Constitution, prohibiting dual office-holding?
In sum:
An attorney who holds office as a city commissioner, a member of a planning and zoning commission, a code enforcement hearing officer, or a member of a regional planning commission (with authority to take final action) may not serve as a special magistrate, hearing officer, or magistrate without violating the dual office-holding prohibition in Article II, section 5(a), Florida Constitution.
Florida's constitutional dual office-holding prohibition is contained in Article II, section 5(a) of the Florida Constitution, and states:
"No person shall hold at the same time more than one office under the government of the state and the counties and municipalities therein, except that a notary public or military officer may hold another office, and any officer may be a member of a constitution revision commission, taxation and budget reform commission, constitutional convention, or statutory body having only advisory powers."
This constitutional provision prohibits a person from serving in more than one state, county, or municipal office simultaneously. The prohibition applies to both elected and appointed offices.[1]
Since the term "office" or "officer" is not constitutionally defined, the courts and this office have considered whether a particular position is an "office" or an "employment."
As the Florida Supreme Court has stated:
"A person in the service of the government, who derives his position from a duly and legally authorized election or appointment, whose duties are continuous in their nature, and defined by rules prescribed by government, and not by contract, consisting of the exercise of important public powers, trusts, or duties, as a part of the regular administration of the government, the place and the duties remaining though the incumbent dies or is changed, is a public officer; every "office," in the constitutional meaning of the term, implying an authority to exercise some portion of the sovereign power, either in making, executing, or administering the laws."[2]
Employment does not subject the holder of the position to dual office-holding considerations since the courts have determined that employment does not involve the delegation of any of the sovereign power of the state.[3] Thus, in determining whether a particular position is an employment or office, careful consideration must be given to the powers and responsibilities imposed upon that position by statute, charter, or ordinance.
This office has previously determined that service as a special magistrate for a value adjustment board constitutes an office within the scope of Article II, section 5(a), Florida Constitution, and that service on a code enforcement board also constitutes an office for purposes of the prohibition on dual office-holding. Thus, a value adjustment board special magistrate would be precluded by the constitutional dual office-holding prohibition from simultaneously serving as a member of a code enforcement board or any other office.[4]
Several opinions of this office have determined that code enforcement board members are officers for purposes of the dual office-holding prohibition. In Attorney General Opinion 81-61, this office considered the duties and responsibilities of a code enforcement board member under Chapter 162, Florida Statutes, and, based on the
powers set forth in the statutes, determined that board members are officers for purposes of Article II, section 5(a), Florida Constitution. The issue was considered subsequently and Attorney General Opinion 97-37 affirmed the earlier determination that code enforcement board members are officers for purposes of the prohibition on dual office-holding.[5]
In Attorney General Opinion 74-232, this office concluded that a planning commission established pursuant to Part II, Chapter 163, Florida Statutes, and possessing only those powers contemplated by that part was a "statutory body having only advisory powers" for purposes of Article II, section 5(a), Florida Constitution. This office considered the duties of such a planning commission information-gathering and advisory only.[6] However, where a planning council has the authority to take final action concerning consistency reviews of land use plans and in adopting and amending the trafficway plan, this office has found that such a council is more than merely an advisory body and does not fall within the exception for advisory bodies in Article II, section 5(a), Florida Constitution.[7]
This office and the courts have previously concluded that quasi-judicial officers such as special magistrates are officers within the scope of the constitutional dual office-holding prohibition. For example, in Attorney General Opinion 2005-29, this office stated that a special magistrate of a value adjustment board was an officer for purposes of Article II, section 5(a), Florida Constitution.[8] Where a magistrate derives authority by way of referrals from circuit judges pursuant to court rule and statute and such rules and statutes refer to an office and require the magistrate to take an oath of office, this office has found that such magistrates exercise the sovereign power of the state and constitute officers for purposes of the constitutional dual office-holding prohibition.[9] Thus, quasi-judicial officers, special magistrates, magistrates, and hearing officers would all appear to be officers for purposes of the constitutional dual office-holding prohibition.
In light of the discussion above, it would appear that the dual office-holding prohibition in section 5(a), Article II, Florida Constitution, would preclude a city commissioner, a member of a planning and zoning commission, a code enforcement hearing officer, or a member of a regional planning commission (with authority to take final action) from also serving as a special magistrate, hearing officer, or magistrate.
Sincerely,
Bill McCollum Attorney General
BM/tals
[1] See Ops. Att'y Gen. Fla. 69-2 (1969) and 80-97 (1980).
[2] See State ex rel. Holloway v. Sheats,83 So. 508, 509 (Fla. 1919) ("An employment does not authorize the exercise in one's own right of any sovereign power or any prescribed independent authority of a governmental nature; and this constitutes, perhaps, the most decisive difference between an employment and an office, and between an employe[e] and an officer."). And see Ops. Att'y Gen. Fla. 96-91 (1996) and 84-93 (1984) (legal counsel to local government code enforcement board an employee).
[3] State ex rel. Clyatt v. Hocker,22 So. 721 (Fla. 1897).
[4] See Op. Att'y Gen. Fla. 05-29 (2005). See alsoRodriguez v. Tax Adjustment Experts of Florida, Inc.,551 So. 2d 537 (Fla. 3d DCA 1989) (special masters for value adjustment boards are quasi-judicial officers).
[5] And see Op. Att'y Gen. Fla. 01-28 (2001).
[6] Cf. Ops. Att'y Gen. Fla. 86-105 (1986) (local planning agency whose function is information gathering and advising local government entity falls within exception to dual office-holding prohibition); 74-232 (1974) (town council member may serve on advisory county planning commission); 72-179 (1972) (legislator may serve as member of ad hoc charter revision commission appointed by municipal governing body to serve in a purely advisory capacity to study and recommend changes in municipal charter).
[7] See Ops. Att'y Gen. Fla. 99-16 (1999) and 94-88 (1994);and see Op. Att'y Gen. Fla. 89-25 (1989) (county planning and zoning commission, possessing authority to grant variances without review by county commission, constitutes an office for purposes of dual office-holding); 90-33 (1990) (membership on a planning commission which hears appeals and makes decisions which are final unless appealed to the county commission is not a statutory body possessing only advisory powers).
[8] And see Ops. Att'y Gen. Fla. 02-78 (2002) (special master for code enforcement constitutes an office) and 96-91 (1996) (special master of a value adjustment board is an officer).
[9] Informal to Ms. Maria M. Hinds, November 20, 2008.