Dear Messrs. Schultz and Cole:
As the attorney for the Miami-Dade County Value Adjustment Board[1]
and as a member of the Miami-Dade County Vizcaya Museum and Gardens Trust, you have asked for my opinion on substantially the following questions:
1. Is an appointed member of the Board of Trustees of the Miami-Dade County Vizcaya Museum and Gardens Trust an appointed official or employee of the county or of a taxing jurisdiction or of the state for purposes of section 194.035(1), Florida Statutes?
2. Is an appointed member of the Board of Trustees of the Miami-Dade County Vizcaya Museum and Gardens Trust an officer for purposes of the constitutional dual office-holding prohibition contained in section 5(a), Article II, Florida Constitution?
In sum:
 1. Members of the Board of Trustees of the Vizcaya Museum and Gardens Trust are appointed officials of the county for purposes of section 194.035(1), Florida Statutes.
 2. In light of my answer to Question One, no response to your second question is necessary.
Mr. Cole has advised this office of his intention to apply for a position as a special magistrate with the Miami-Dade County Value Adjustment Board. This office has, on a number of occasions, concluded that such service constitutes an office for purposes of the dual office-holding prohibition in Article II, section (5)(a), Florida Constitution.[2] Thus, you ask whether a member of the Miami-Dade County Vizcaya Museum and Gardens Trust is an officer for purposes of the constitutional dual office-holding prohibition such that Mr. Cole is precluded from simultaneously serving in both offices. Further, section 194.035(1), Florida Statutes, contains a broader prohibition directed specifically to value adjustment board proceedings which would preclude an appointed or elected official or employee of the county from serving as a special magistrate. Mr. Cole's concern is that he may fall within the scope of one or both of these prohibitions which would preclude his serving as a special magistrate.
Question One — section 194.035(1), Florida Statutes
The Vizcaya Museum and Gardens Trust (the trust) was created by a Miami-Dade County ordinance as an agency and instrumentality of the county.[3] The governing body of the trust is a board of trustees made up of 24 members, none of whom may be employees of the trust.[4] As an agency and instrumentality of Miami-Dade County, the trust is accountable directly to the county "and subject to its Legislative and Executive powers."[5] Members of the trust board are appointed by the county commission and by the executive mayor of Miami-Dade County and include the county manager (or a designee), and various officials involved with the Vizcaya and other cultural and historical bodies and include the director of the Miami-Dade Park and Recreation Department.[6] Members of the trust serve without compensation, but are entitled to "reimbursement for necessary expenses incurred in the discharge of their duties."[7]
The trust is charged with making, adopting and amending by-laws, rules and regulations for its own governance and for the operation, governance, restoration, preservation and maintenance of designated facilities.[8] Powers of the trust include:
 • preparing a mission statement for the Vizcaya Museum and Gardens which, once approved, governs "all actions by Miami-Dade County and its agents and employees concerning Vizcaya Museum and Gardens."[9]
 • establishing written schedules of rates, charges, and fees relating to Vizcaya, which are effective upon approval by the Board of County Commissioners.[10]
 • developing policies regarding Vizcaya Museum and Gardens which are binding on all Miami-Dade County departments, agents, users, and employees once approved by the Board of County Commissioners.[11]
 • the acceptance of grants and gifts.[12]
 • the authority to negotiate and recommend contracts and agreements with support groups and the power (with Miami-Dade County) to inspect and audit books and records of support groups; and the accounting and disposition of fund raising proceeds.[13]
The trust is charged with developing additional appropriate plans and ordinance amendments for the transition of the operation of the museum and gardens to a public/private operating partnership.
With regard to contractual authority, "the Trust as agent and instrumentality of Miami-Dade County, shall be authorized to act for Miami-Dade County in the performance and enforcement of all contracts pertaining to the Trust and designated facilities . . . and shall additionally be empowered to negotiate and execute . . . such contracts as are properly within the powers and duties of the Trust[.]"[14] The trust may not, without prior approval of the Board of County Commissioners, enter into or amend any contract requiring the expenditure of funds in excess of the amounts appropriated in the county budget and designated for the trust.[15] The trust is authorized to purchase real property with the title to be vested in Miami-Dade County.[16]
The budget for the Vizcaya Museum and Gardens is to be prepared annually by the trust on "official county budget forms" and submitted directly to the county manager.[17] Supplemental budget requests may be submitted to the County Commission and, if approved, constitute amendments to the official county budget.[18]
Section 194.035, Florida Statutes, authorizes value adjustment boards to appoint special magistrates to take testimony and make recommendations to the board. Section 194.035(1), Florida Statutes, provides that:
 "In counties having a population of more than 75,000, the (value adjustment) board shall appoint special magistrates for the purpose of taking testimony and making recommendations to the board, which recommendations the board may act upon without further hearing. These special magistrates may not be elected or appointed officials or employees of the county but shall be selected from a list of those qualified individuals who are willing to serve as special magistrates. Employees and elected or appointed officials of a taxing jurisdiction or of the state may not serve as special magistrates." (e.s.)
Section 194.035, Florida Statutes, does not contain a definition of the term "official" for purposes of the prohibition. In the absence of a statutory definition, the general rule is that words of common usage are construed in their plain and ordinary sense and that, if necessary, the plain and ordinary meaning of the words can be ascertained by reference to a dictionary.[19] Words in common use in a statute are to be construed in their plain and ordinary signification, unless they are used in their technical sense.[20]
The word "official" is generally defined as: "a person appointed or elected to an office or charged with certain duties;[21] "[o]ne who holds an office or position;"[22] "[o]ne who holds or is invested with a public office; a person elected or appointed to carry out some portion of a government's sovereign powers."[23] Thus, an official would appear to be a person who holds an elected or appointed office or position and is invested with some of the government's sovereign powers.
As is clear from the plain language of the statute, [24] the prohibition in section 194.035(1), Florida Statutes, is more broadly encompassing than the dual office-holding prohibition of the Florida Constitution[25] which does not include employees or officers of special districts within its scope.[26] Section 194.035(1), Florida Statutes, clearly covers not only appointed and elected officials but employees of counties, the state and other taxing jurisdictions within the scope of the prohibition against service as a special magistrate.
Members of the Board of Trustees of the Vizcaya Museum and Gardens Trust cannot, pursuant to the terms of the ordinance creating the trust, be employees of the Trust.[27] Members of the trust board serve without compensation, but are entitled to reimbursement for necessary expenses incurred in the discharge of their duties.[28] Members of the board must abide by a code of ethics styled after the American Association of Museum(s Code of Ethics and are subject to state open government and ethics laws.[29]
The Vizcaya Museum and Gardens Trust is "created and established as an agency and instrumentality of Miami-Dade County" by the terms of the ordinance creating the trust.[30] The real property and facilities including personal property and art objects constituting the trust are the property of Miami-Dade County.[31] The board of the trust includes county officers as members.[32] Members of the board serve what are characterized by the ordinance as "staggered terms of office."[33]
Members of the board are protected from personal liability by inclusion within the terms of county comprehensive general and professional liability insurance policies and are entitled to personal liability protection by the county "to the same extent that Miami-Dade employees and agents have such protection."[34] Board members are subject to "removal from office"[35] and exercise certain limited executive, legislative and administrative powers.
As it appears that section 194.035(1), Florida Statutes, is to be read broadly to capture officials and employees who may not be subject to Article II, section 5(a), Florida Constitution, and in consideration of the duties and responsibilities of the board, it is my opinion that members of the board are appointed officials of the county for purposes of section 194.035(1), Florida Statutes, and would be precluded from service as special magistrates.
Question Two — Article II, section 5(a), Florida Constitution
You also ask whether a member of the board of the Vizcaya Museum and Gardens Trust is an officer for purposes of the dual office-holding prohibition contained in Article II, section 5(a), Florida Constitution. In light of my response to Question One, which would preclude Mr. Cole from holding the office of special magistrate while simultaneously serving as a member of the board of the Vizcaya Museum and Gardens Trust, no response to your second question will be forthcoming.
Sincerely,
Pam Bondi
Attorney General
PB/tgh
[1] Pursuant to s. 194.035(1), Fla. Stat., the value adjustment board must verify the special magistrate(s qualifications before appointment.And see Rule 12D-9.010(5), Fla. Admin. C., "[t]he value adjustment board or board legal counsel must verify a special magistrate(s qualifications before appointing the special magistrate."
[2] See Op. Att'y Gen. Fla. 05-29 (2005) (service as special magistrate for value adjustment board constitutes an office within the scope of Art. II, s. 5(a), Fla. Const., and service on code enforcement board constitutes an office for purposes of dual office-holding prohibition); Inf. Op. to Groot, dated June 24, 2011. See alsoRodriguez v. Tax Adjustment Experts of Florida, Inc.,551 So. 2d 537 (Fla. 3d DCA 1989) (special masters for value adjustment boards are quasi-judicial officers).
[3] See s. 2-1111, Art. LXXXI, Ch. 2, Part III, Miami-Dade County, Florida, Code of Ordinances.
[4] Section 2-1113.A., id.
[5] Section 2-1120., supra at n. 3.
[6] Id.
[7] Section 2-1113.A., Art. LXXXI, Ch. 2, Part III, Miami-Dade County, Florida, Code of Ordinances.
[8] Section 2-1113.E.1., id.
[9] Section 2-1114.1., supra at n. 7.
[10] Section 2-1114.2., supra at n. 7.
[11] Section 2-1114.3., supra at n. 7.
[12] Section 2-1114.3.(e), supra at n. 7.
[13] Section 2-1114.4., supra at n. 7.
[14] Section 2-1115.2., Art. LXXXI, Ch. 2, Part III, Miami-Dade County, Florida, Code of Ordinances.
[15] Section 2-1115.2.a., id.
[16] Section 2-1115.3., supra at n. 14.
[17] Section 2-1117.2., supra at n. 14.
[18] Id.
[19] Sieniarecki v. State, 756 So. 2d 68 (Fla. 2000);Rollins v. Pizzarelli, 761 So. 2d 294 (Fla. 2000).
[20] State v. Tunnicliffe, 124 So. 279, 281 (Fla. 1929);Gasson v. Gay, 49 So. 2d 525, 526 (Fla. 1950); State v.Egan, 287 So. 2d 1, 4 (Fla. 1973).
[21] Webster's New Universal Unabridged Dictionary (2003) p. 1345.
[22] American Heritage Dictionary (office edition, 1983) p. 477.
[23] Black's Law Dictionary (8th ed. 2004), p. 1119.
[24] See M.W. v. Davis, 756 So. 2d 90 (Fla. 2000) (when language of statute is clear and unambiguous and conveys a clear and definite meaning, there is no occasion for resorting to rules of statutory interpretation and construction as statute must be given its plain and obvious meaning); McLaughlin v. State, 721 So. 2d 1170 (Fla. 1998);Holly v. Auld, 450 So. 2d 217 (Fla. 1984); Ops. Att'y Gen. Fla. 00-46 (2000) (where language of statute is plain and definite in meaning without ambiguity, it fixes the legislative intention such that interpretation and construction are not needed); 99-44 (1999); 97-81 (1997).
[25] Article II, s. 5(a), Fla. Const., provides:
 "SECTION 5. Public officers. —
 (a) No person holding any office of emolument under any foreign government, or civil office of emolument under the United States or any other state, shall hold any office of honor or of emolument under the government of this state. No person shall hold at the same time more than one office under the government of the state and the counties and municipalities therein, except that a notary public or military officer may hold another office, and any officer may be a member of a constitution revision commission, taxation and budget reform commission, constitutional convention, or statutory body having only advisory powers."
[26] For examples of positions which constituted an "employment" not an "office," see, e.g., Ops. Att'y Gen. Fla. 94-88 (1994) (charter review commission attorney); 94-40 (1994) (code enforcement officer under Chapter 162, Fla. Stat.), 73-332 (1973) (county commission attorney); and 77-31 (1977) (community college district comptroller). For examples of special district offices which were not subject to the constitutional prohibition, see, e.g., Ops. Att'y Gen. Fla. 94-83 (1994) (person may serve on airport authority and on school board), 86-55 (1986) (member of Big Cypress Basin's governing board may serve as city mayor); 78-74 (1978) (municipal parking board member may serve as member of community college district board of trustees).
[27] Section 2-1113.A, Art. LXXXI, Ch. 2, Part III, Miami-Dade County, Florida, Code of Ordinances.
[28] Section 2-1113.A., id.
[29] Section 2-1113. E.4., supra at n. 27.
[30] Section 2-1111., supra at n. 27.
[31] Section 2-1112, supra at n. 27.
[32] Section 2-1113, supra at n. 27.
[33] Section 2-1113.D., supra at n. 27.
[34] Section 2-1113.E.6., supra at n. 27.
[35] Section 2-1113.E.7. and 8., supra at n. 27.